**IN THE COURT OF APPEALS OF IOWA**

No. 15-1492
Filed July 27, 2016

**CHARLES DEAN WHITE,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Page County, Jeffrey L. Larson, Judge.

Charles White appeals from the district court's grant of summary judgment to the State in this postconviction relief proceeding. **REVERSED AND REMANDED.**

Marti D. Nerenstone, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

Charles White appeals from the district court's grant of summary judgment to the State in this postconviction relief (PCR) proceeding. Because the State did not prove material facts are undisputed, we reverse and remand for further proceedings.

On June 5, 2012, following a jury trial, judgment and sentence were entered upon White's conviction for three counts of second-degree sexual abuse and one count of lascivious acts with a child based on offenses committed against a seven-year-old child. Additional facts are set out in our opinion dealing with White's direct appeal, in which White made two claims of ineffective assistance of trial counsel, and also contested the admission of allegedly prejudicial evidence. *State v. White*, No. 12-1256, 2013 WL 4504896, at *1-2 (Iowa Ct. App. Aug. 21, 2013). The ineffectiveness claims raised on direct appeal were that trial counsel failed to object to the undifferentiated sexual abuse counts in the trial information and marshalling instructions, and failed to object to the prosecutor's closing argument. *Id.* at *3. We rejected these ineffectiveness claims. *Id.* at *3-5.

On October 23, 2014, White filed a pro se PCR application, asserting six additional claims of ineffective assistance of trial counsel. The State filed a motion for summary judgment, asserting (1) the ineffectiveness claims "were addressed and disposed of by direct appeal" and (2) the allegations "regarding depositions being withheld and sufficiency of the evidence are without merit." White—now represented by counsel—resisted, contending the claims of ineffective assistance of trial counsel raised in the PCR application had not been

resolved, and the affidavit submitted of White's trial counsel (stating White had access to the transcript of the victim's deposition) does not negate White's claim that counsel was ineffective in failing to utilize the deposition. PCR counsel asserted White should be allowed to depose trial counsel at least to question counsel about the failure to use contradictory statements made by the victim.

The PCR court granted the State's motion for summary judgment, concluding White was barred from raising an ineffectiveness claim in the PCR action because he had already alleged counsel was ineffective in other respects on direct appeal. White appeals the grant of summary judgment.

> We normally review postconviction proceedings for errors at law. *Everett v. State*, 789 N.W.2d 151, 155 (Iowa 2010). This includes summary dismissals of applications for postconviction relief. *Manning v. State,* 654 N.W.2d 555, 560 (Iowa 2002). Applications for postconviction relief that allege ineffective assistance of counsel, however, raise a constitutional claim. *State v. Nitcher*, 720 N.W.2d 547, 553 (Iowa 2006). We review postconviction proceedings that raise constitutional infirmities de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

*Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

"The standards for summary judgment in postconviction relief actions are analogous to summary judgment in civil proceedings." *Id.* at 793. "Under these standards, summary judgment is proper when the record reveals only a conflict over the legal consequences of undisputed facts." *Id.* "In determining whether summary judgment is warranted, the moving party has the burden of proving the material facts are undisputed." *Id.* at 792. Moreover, the facts are viewed in the light most favorable to the nonmoving party. *Id.*

The PCR court ruled, "Because this issue has already been raised on direct appeal, it is barred and cannot be relitigated here."

True, "[o]ur decision on direct appeal is . . . final as to *all issues decided therein*, and is binding upon both the postconviction court and this court in subsequent appeals." *Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009) (emphasis added). But res judicata will bar only ineffectiveness claims already litigated on direct appeal. *See id.*

The ineffectiveness claims raised in the PCR action are not the same claims addressed on direct appeal and are thus properly raised in an initial PCR action. *See* Iowa Code § 814.7 (2013) ("An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822, except as otherwise provided in this section*.* The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes."); *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) ("[W]e hold defendants are no longer required to raise ineffective-assistance claims on direct appeal, and when they choose to do so, they are not required to make any particular record in order to preserve the claim for postconviction relief."). The State concedes the PCR court erred, but argues summary judgment could be granted nonetheless. We disagree.

The applicant asserted trial counsel was ineffective in failing to use the child's inconsistent deposition testimony at trial. Trial counsel's affidavit does not address this issue. Rather, trial counsel asserts White had access to the deposition. As PCR counsel noted, this "begs the question of was the attorney ineffective in not utilizing that deposition."

On appeal, the State acknowledges it is undisputed that a deposition was taken of the child prior to trial; that despite containing possible impeachment testimony, neither the deposition nor any of these other documents were used at trial; and the child was not impeached by use of her deposition on cross-examination. Nonetheless, the State argues that White cannot prevail on his ineffectiveness claim because "the use of the deposition at trial could not have changed White's fate in light of the strength of the evidence against him."

We believe this conclusion is premature. We do not have the child's deposition in evidence. Nor does criminal trial counsel's affidavit address the contents of the deposition. While further inquiry may establish trial counsel's decisions were a reasonable strategy or there was no prejudice, the State has failed to carry its burden to prove there is no genuine issue of fact for trial. Because the district court erred in concluding White's ineffectiveness claims were res judicata, and because the State has not met its burden to warrant summary judgment, we reverse and remand for further proceedings.

**REVERSED AND REMANDED.**