**Thomas DeShawn HOLMES,
Applicant–Appellant,**

v.

**STATE of Iowa, Respondent–Appellee.**

No. 08–1550.

Court of Appeals of Iowa.

Oct. 7, 2009.

Brian Farrell, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Cristen Douglass, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kimberly Griffith, Assistant County Attorney, for appellee State.

Considered by SACKETT, C.J., and EISENHAUER and DOYLE, JJ.

DOYLE, J.

Thomas DeShawn Holmes appeals following the district court's denial of his application for postconviction relief. We affirm the judgment of the district court.

## I. Prior Proceedings.

Following a bench trial in February 2000, Holmes was convicted of first-degree kidnapping and first-degree robbery. He was sentenced to life in prison without parole on the kidnapping charge to be served concurrently with an indeterminate twenty-five-year sentence on the robbery charge. Holmes appealed, raising two claims: (1) the district court erred in denying his motion to suppress body samples taken from him following an arrest for interference with official acts that was later deemed unlawful and (2) the court erred in admitting the victim's in-court identification of him and testimony from the State's fingerprint and DNA experts. *See State v. Holmes,* No. 00–950, 2001 WL 1577584 (Iowa Ct.App. Dec. 12, 2001). We denied those claims and affirmed his convictions and sentence. *Id.*

Holmes filed a pro se application for postconviction relief in March 2002. That application was amended at least five times by Holmes and the various attorneys that represented him during the postconviction proceedings. Following several motions to dismiss filed by the State on res judicata and statute of limitations grounds, Holmes's application finally came before the district court for hearing in March 2008. By that time, the grounds for relief presented in the application had been narrowed to seven, each of which was denied by the district court in a detailed ruling.

Holmes appeals. He now claims his appellate and postconviction counsel rendered ineffective assistance for (1) "failing to demonstrate that, contra[r]y to the court of appeals findings, much of the independent evidence on which the court of appeals upheld the validity of the search warrant was not discovered until *after* Mr. Holmes's unlawful arrest"; (2) "failing to argue that some of the 'untainted' facts on which the court of appeals upheld the validity of the search warrant were, in fact, the result of Mr. Holmes's unlawful arrest"; and (3) "failing to challenge the admission of physical samples obtained from Mr. Holmes because they were a direct product of his unlawful arrest." He additionally claims his trial, appellate, and postconviction counsel rendered ineffective assistance because they did not challenge

the sufficiency of the evidence on his first-degree kidnapping conviction. For the reasons that follow, we believe only the latter claim is properly presented for our review.

## II. Discussion.

### A. Search Warrant and Unlawful Arrest Issues.

▆▆▆ Iowa Code section 822.8 (2001) provides in relevant part:

> Any ground finally adjudicated ... in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

This provision of the statute is "clear and unambiguous.... Relitigation of previously adjudicated issues is barred." *State v. Wetzel,* 192 N.W.2d 762, 764 (Iowa 1971). " 'A post-conviction proceeding is not intended as a vehicle for relitigation, on the same factual basis, of issues previously adjudicated, and the principle of Res judicata bars additional litigation on this point.' " *Id.* (citation omitted).

▆▆▆ The first three issues identified above, although two are expressed as claims of ineffective assistance of counsel, are in effect direct attacks on this court's holding on direct appeal. *See State v. Holmes,* No. 00–950, 2001 WL 1577584 (Iowa Ct.App. Dec.12, 2001). Under our rules of appellate procedure, Holmes's remedy was to seek further review of our decision from our supreme court. *See* Iowa R.App. P. 6.402. He did so and review was denied. Our decision on direct appeal is thus final as to all issues decided therein, and is binding upon both the post-conviction court and this court in subsequent appeals. *See State v. Grosvenor,* 402 N.W.2d 402, 405 (Iowa 1987). Holmes cannot now relitigate issues decided adversely to him on direct appeal. *See Wycoff v. State,* 382 N.W.2d 462, 465 (Iowa 1986) ("Issues that have been raised, litigated, and adjudicated on direct appeal cannot be relitigated in a postconviction proceeding."); *LeGrand v. State,* 540 N.W.2d 667, 669 (Iowa Ct.App.1995) (declining to "readdress the propriety of our prior decision" in a postconviction proceeding raising a claim previously decided on direct appeal). We therefore proceed to the merits of Holmes's final claim: whether his trial, appellate, and postconviction counsel rendered ineffective assistance for not challenging the sufficiency of the evidence on the first-degree kidnapping conviction. Our review of this constitutional claim is de novo. *Ledezma v. State,* 626 N.W.2d 134, 141 (Iowa 2001).

### B. Sufficiency of the Evidence Issue.

In order to establish his trial, appellate, and postconviction counsel were ineffective for failing to challenge the sufficiency of the evidence on the first-degree kidnapping conviction, Holmes must show both that his attorneys failed in an essential duty and that the failure resulted in prejudice. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). Because counsel has no duty to raise a meritless issue, we begin by examining whether Holmes's sufficiency-of-the-evidence claim has any validity. *See State v. Dudley,* 766 N.W.2d 606, 620 (Iowa 2009).

▆▆ A trial court's finding of guilt is binding on appeal if supported by substantial evidence. *See State v. Thomas,* 561 N.W.2d 37, 39 (Iowa 1997). Substantial evidence is evidence from which a rational finder of fact could find a defendant guilty

beyond a reasonable doubt. *State v. Rohm*, 609 N.W.2d 504, 509 (Iowa 2000).

■ A key element of kidnapping in the first degree requires the defendant to remove the victim from one place to another or confine the victim without the consent of the victim to do so. Iowa Code § 710.1; *State v. Bentley*, 757 N.W.2d 257, 262 (Iowa 2008). Holmes argues the State's evidence on this element was lacking. We do not agree in light of the following facts presented at the trial:

Donna Starkey, the victim of Holmes's brutal assault, rape, and robbery, was discovered crawling out of a deep and grassy roadside ditch early in the morning on June 25, 1999. She was half-naked, bloody, badly bruised, and had a blood-alcohol content of .221. She testified at trial that she met Holmes at an after-hours house called Eddie B's. She remembered ordering a beer at Eddie B's but did not recall how she ended up in her car with Holmes. Starkey testified:

Q. And how was it that you were in your car with him? A. I don't recall that. That's all a fog.

Q. Now, do you recall him telling you to drive? A. Yep.

Q. ... Did you drive? A. Yes, I drove.

Q. Okay. Do you recall why you did that? A. He hit me.

Q. All right. What did he hit you with? A. I don't know if it was his hand or an object.

Q. And where did he hit you? A. In the face.

Q. What part of your face? A. I think he slapped me upside the right just enough to scare me.

Q. Okay. You don't recall though how you got in the car or how he got in the car? A. No.

Q. All right. Do you recall then where you went? A. Next thing I remember is out on a gravel road, being out on a gravel road telling to get out of the fucking car.

Q. Who told you that? A. Mr. Holmes told me that.

Q. All right. And were you still driving the car? A. Yes.

Q. All right. Do you remember anything else happening at that time? A. I remember pulling the car over. He told me, get out of the car, fucking bitch. So I got out of the car. He told me, get down in the ditch. And he told me to take my clothes off.

. . . .

Q. Did you do that? A. I asked him first, why are you doing this? I have children and grandchildren.

Q. And what did he say? A. He said, shut the fuck up and get your clothes off, bitch. And then he swung the bat and hit me.

After severely beating Starkey to unconsciousness with a baseball bat and sexually assaulting her, Holmes drove off in Starkey's car, leaving Starkey for dead. We believe a rational finder of fact could conclude from this evidence that Holmes confined the victim without her consent.

In *State v. Rich*, 305 N.W.2d 739, 745 (Iowa 1981), our supreme court explained:

Although no minimum period of confinement or distance of removal is required for conviction of kidnapping, the confinement or removal must definitely exceed that normally incidental to the commission of sexual abuse. Such confinement or removal must be more than slight, inconsequential, or an incident inherent in the crime of sexual abuse so that it has a significance independent from sexual abuse. Such confinement or removal may exist because it substantially in-

creases the risk of harm to the victim, significantly lessens the risk of detection, or significantly facilitates escape following the consummation of the offense.

Holmes's action in ordering Starkey to get into a deep ditch covered with tall grass alongside an isolated gravel road substantially increased the risk of harm to Starkey and significantly lessened the risk of detection for Holmes. *See id.* at 745–46 (finding substantial evidence of removal and confinement where defendant accosted victim at a shopping mall, moved her into a restroom, locked the door, and tied the victim's hands behind her back).

■ Holmes challenges Starkey's testimony as unreliable due to her intoxication at the time of the assault and the addition of new details to the version of events she related at trial. However, the trial court as the finder of fact was free to give her testimony such weight as the court thought it should receive. *See State v. Shanahan,* 712 N.W.2d 121, 135 (Iowa 2006) (stating a finder of fact is free to believe or disbelieve the testimony of witnesses as it so chooses). The very function of a finder of fact is to sort out the evidence presented and place credibility where it belongs. *Id.* Indeed, the court specifically determined Starkey's testimony was credible, finding that although she was intoxicated at the time of the incident,

[i]t is clear ... that Starkey vividly remembers significant and relevant portions of the evening. She was clear in her identification of the defendant. She was clear in her rendition of the events which occurred in the car, outside of the car, and in the ditch.

We accordingly reject Holmes's arguments regarding the credibility of the victim in this case and conclude the guilty verdict on the kidnapping charge was supported by substantial evidence in the record. Holmes thus did not receive ineffective assistance due to his attorneys' failure to challenge the sufficiency of the evidence on that charge. *See Dudley,* 766 N.W.2d at 620 ("[C]ounsel has no duty to raise an issue that has no merit.").

### III. Conclusion.

For the foregoing reasons, we affirm the district court's judgment denying Holmes's application for postconviction relief.

**AFFIRMED.**