# IN THE COURT OF APPEALS OF IOWA

No. 3-1203 / 12-2327
Filed March 12, 2014

**JOHN RICHMOND,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Ian K. Thornhill, Judge.

John Richmond appeals from the denial of his application for postconviction relief. **AFFIRMED.**

Christopher J. Foster of Foster Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Robert Hruska, Assistant County Attorney, for appellee State.

Considered by Danilson, C.J., and Vaitheswaran and Potterfield, JJ.

**POTTERFIELD, J.**

John Richmond appeals from the denial of his second application for postconviction relief.

Our review on appeal from the denial of postconviction relief is for errors at law. *Everett v. State*, 789 N.W.2d 151,155 (Iowa 2010). However, we review constitutional issues de novo. *Id.*

Richmond was convicted of second-degree sexual abuse in 1997. On direct appeal, he argued that testimony from an Episcopal priest he consulted, Fr. Dick Osling, was improperly allowed at his criminal trial. *See State v. Richmond*, 509 N.W.2d 33, 34 (Iowa 1999). The Iowa Supreme Court rejected his claim because neither the priest-penitent privilege, *see id.* at 35 ("Richmond did not consult Fr. Osing in his priestly capacity"), nor the statutory counselor-client privilege applied. *See id.* (noting communication with informal unlicensed counselor does not fall within the statutory privilege). His conviction was affirmed. *Id.*

Richmond filed his first application for postconviction relief (PCR) on March 3, 2000, in which he claimed he was denied effective assistance of trial and appellate counsel in several respects. *See Richmond v. State*, No. 03-1457, 2004 WL 2169439 (Iowa Ct. App. Sept. 29, 2004).[1] His appeal from the denial of this first PCR application was rejected. *Id.* at *3. This court noted,

---

[1] As noted in our 2004 opinion, 2004 WL 2169439, at *1, in part, Richmond claimed trial counsel should have requested that the jury be instructed that sexual abuse in the second degree is a specific intent crime, and that appellate counsel was ineffective for failing to raise that issue on direct appeal. Richmond additionally cited trial and appellate counsel's failure to raise any issue concerning the trial court's jury instructions regarding Richmond's display of a dangerous weapon. Lastly, Richmond claimed

Richmond's constitutional claims are premised entirely on the notion that the *Richmond* opinion added a new spirituality dimension to invocation of the priest-penitent privilege. We disagree. Under our reading of the *Richmond* opinion, the court simply determined that Richmond did not consult Fr. Osing in his professional capacity as a priest and the privilege was therefore inapplicable. Because none of the constitutional protections cited were implicated, no attorney representing Richmond in any capacity at any stage of any related proceeding was duty bound to raise the constitutional issues he now relies upon. Moreover, and for the same reasons, the trial court did not err in rejecting Richmond's claims that the supreme court's decision in *Richmond* was unconstitutional.

*Id.* at *2. We also rejected Richmond's claims that trial counsel was ineffective in failing to object to the jury instructions, and found Richmond had failed to preserve an issue regarding the trial information. *Id.* at *3.

Richmond filed this second PCR application on May 15, 2007, in which he contends his first postconviction counsel was ineffective in failing to assert additional constitutional challenges concerning the supreme court's interpretation of the priest-penitent privilege, in failing to challenge the jury instructions, and in failing to challenge the trial information as insufficient on its face. He also asserted a *Brady* violation.[2]

---

appellate counsel failed to challenge the constitutionality of the priest-penitent privilege as applied by the trial court.

[2] *Brady v. Maryland*, 373 U.S. 83 (1963). "To establish a *Brady* violation has occurred, the [claimant] must prove by a preponderance of the evidence '(1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant; and (3) the evidence was material to the issue of guilt.'" *DeSimone v. State*, 803 N.W.2d 97, 103 (Iowa 2011) (citation omitted). The State argues this issue is also time-barred because the officer's notes were not relevant to the challenged conviction.

In *Harrington v. State*, 659 N.W.2d 509, 521 (Iowa 2003), the supreme court confirmed that a PCR applicant must show the ground of fact is relevant to the challenged conviction to fall within the section 822.3 exception. The court stated,

By "relevant" we mean the ground of fact must be of the type that has the potential to qualify as material evidence for purposes of a substantive claim under section 822.2. We specifically reject any requirement that an applicant must show the ground of fact would likely or probably have

The State filed a motion to dismiss the second application as time-barred. The district court allowed the matter to proceed, but expressed its concern that at least three of the issues appeared to have been litigated previously. In its thorough and well-reasoned ruling, the district court addressed the merits of the ineffective-assistance-of-postconviction counsel claim "in an effort to end the re-litigation that appears to be developing." However, we need not review the district court's ruling on the merits with respect to the ineffective-assistance-of-postconviction counsel claims. As noted by the district court, these three issues were variations on matters previously raised in the first PCR application. Consequently, the claims cannot be re-litigated. *See Holmes v. State*, 775 N.W.2d 733, 735 (Iowa 2009).

Moreover, the issues could have been raised within the three-year statutory period and are now time barred. *See* Iowa Code § 822.3 (providing a three-year limitations period "from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued"). "[A]n applicant for postconviction relief cannot circumvent the effect of the three-year time bar by merely claiming the ineffective assistance of postconviction relief counsel." *Smith v. State*, 542 N.W.2d 853, 854 (Iowa Ct. App. 1995). "The issue is not whether his present claims were previously raised, it is whether they *could* have been raised during the three-year time period." *Id.* Because the legal and factual underpinnings of each of applicant's claims were in existence during the

---

changed the outcome of the underlying criminal case in order to avoid a limitations defense.
*Harrington*, 659 N.W.2d at 521.

three-year period and were available to be addressed in applicant's appellate and postconviction proceedings, they cannot now be raised. *See id.*

However, section 822.3 provides that its three-year limitations period "does not apply to a ground of fact or law that could not have been raised within the applicable time period." *See Phuoc Thanh Nguyen v. State*, 829 N.W.2d 183, 186 (Iowa 2013). Richmond contends he did not discover the *Brady* violation until he contacted the Cedar Rapids Police Department in 2007 in an attempt to obtain any evidence related to his trial that he had not been provided prior to trial. In response, he was provided a handwritten note of the investigating detective. Richmond claimed the failure to provide this note before his criminal trial constituted a denial of due process arising from a *Brady* violation.

The district court summarized this claim, stating:

> Applicant alleges his conviction should be overturned and he should be granted a new trial because the State committed a *Brady* violation by not disclosing a handwritten note prepared by the case detective. The note contains information about the detective's interview of Sue Blume, the supervisor of a State rebuttal witness, Paula Krings, who testified at the original trial about incriminating statements Applicant made to her over the telephone shortly after the charged incident while she was working in her capacity as a psychiatric social worker at the Abbe Center for Community Mental Health. The note, which was received into evidence at the instant trial as Applicant's Exhibit 1, was forwarded to Applicant by the Cedar Rapids Police Department in 2007 at Applicant's request. The note chronicles the telephone conversation in which Ms. Blume apparently told the detective that Paula Krings remembered a telephone call she received from a man named John on October 24, 1996, but did not remember the content of the conversation. Applicant argues that had the information about Ms. Krings' lack of memory been known at the time of trial, his trial defense counsel would have been able to effectively impeach her testimony.

The district court concluded Richmond failed to establish a *Brady* violation. The court first noted that the "information regarding the detective's contact with Ms. Blume on October 24, 1996, and the substance of that contact, was contained in a supplemental police report produced to the Linn County Attorney on January 8, 1997, and forwarded to trial defense counsel per County Attorney policy." The district court also determined the information was not material because Ms. Krings' inability to remember the full content of the call was admitted by her at trial.

Upon our de novo review, we find no reason to disturb the district court's denial of Richmond's second application for postconviction relief. We therefore affirm.

**AFFIRMED.**