# IN THE COURT OF APPEALS OF IOWA

No. 14-2061
Filed December 23, 2015

**LATRON QUNELL GANT,**
Applicant-Appellant,

vs.

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Thomas G. Reidel, Judge.

Applicant appeals the dismissal of his application for postconviction relief.

**AFFIRMED.**

Lauren M. Phelps, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Alexandra Link, Assistant Attorneys General, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

In 2006, Latron Gant was convicted of burglary in the first degree, robbery in the first degree, assault causing bodily injury, and possession of a firearm by a felon. This court affirmed his conviction and sentence on direct appeal. *See State v. Gant*, No. 06-1447, 2008 WL 375226, at *1 (Iowa Ct. App. Feb. 13, 2008). This court also affirmed the dismissal of Gant's first application for postconviction relief. *See Gant v. State*, No. 09-1085, 2010 WL 2925706, at *1 (Iowa Ct. App. July 28, 2010).

On November, 27, 2012, more than four years after procedendo issued in his direct appeal, Gant filed his second application for postconviction relief. In his second application, Gant contended he received ineffective assistance of counsel when his counsel failed to investigate Gant's competency to stand trial and failed to object to alleged defects in the exercise of peremptory strikes during Gant's trial arising out of the severance of a codefendant's trial after jury selection had occurred. The postconviction court concluded Gant's claims were barred by the statute of limitations, barred res judicata, or otherwise failed on the merits. Gant timely filed this appeal.

We agree with the reasoning of the district court and affirm the judgment of the district court. *See* Iowa Code §§ 822.3 (2011) ("All other applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued."), 822.8 ("Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence,

or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application . . . ."); *Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009) ("A postconviction proceeding is not intended as a vehicle for relitigation, on the same factual basis, of issues previously adjudicated, and the principle of res judicata bars additional litigation on this point.").

Gant does present an argument on appeal not presented to the postconviction court. On appeal, Gant argues his second postconviction counsel was ineffective in failing to retain an expert witness to support Gant's claim Gant was not competent to stand trial. There is a statutory right to the effective assistance of postconviction counsel. *See Dunbar v. State*, 515 N.W.2d 12, 14 (Iowa 1994). We conclude Gant's claim his postconviction counsel was ineffective is without merit. As found by the district court, there is no evidence establishing Gant was incompetent at the time of trial. The record is to the contrary. Gant's trial counsel testified he had an extensive intake procedure, including mental health screening. Gant's trial counsel had no concern regarding Gant's competency. Gant actively participated in his defense, his appeals, and his postconviction relief proceedings, demonstrating he was competent during all relevant time periods. Gant did not identify any concern when interviewed by the Department of Correctional Services in preparing Gant's presentence investigation report. The Department of Correctional Services did not identify any concern. Gant has not established his postconviction counsel breached a duty or prejudice resulted. *See Schrier v. State*, 347 N.W.2d 657, 663 (Iowa

1984) (holding counsel not ineffective in making a strategic decision to forego an expert witness); *Bradford v. State*, No. 05-1528, 2006 WL 2422146, at *1 (Iowa Ct. App. Aug. 23, 2006) (rejecting claim postconviction counsel was ineffective for failing to call expert witness).

**AFFIRMED.**