**IN THE COURT OF APPEALS OF IOWA**

No. 14-1606
Filed January 13, 2016

**BOBBY JOE STOUFFER,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Polk County, Richard G. Blane II, Judge.


　　Applicant challenges the dismissal of his second application for postconviction relief. **AFFIRMED.**


　　Matthew G. Sease of Kemp & Sease, Des Moines, for appellant.

　　Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee.


　　Considered by Danilson, C.J., and Mullins and McDonald, JJ. Blane, J., takes no part.

**MCDONALD, Judge.**

In 2007, Bobby Stouffer was convicted of murder in the second degree and sentenced to a term of incarceration not to exceed fifty years. The facts and circumstances surrounding the murder are set forth in two prior appellate decisions and need not be repeated here. *See Stouffer v. State*, No. 12-0932, 2013 WL 5498060, at *1 (Iowa Ct. App. Oct. 2, 2013); *State v. Stouffer*, No. 07-0693, 2008 WL 5234353, at *1 (Iowa Ct. App. Dec. 17, 2008).

By way of background, on direct appeal, Stouffer claimed there was insufficient evidence to corroborate inculpatory statements he made to detectives and three different jailhouse informants. Stouffer also claimed the district court erroneously denied his motion for mistrial following the inadvertent publication to the jury of certain portions of Stouffer's multiple interviews with police. This court affirmed Stouffer's conviction. *See Stouffer*, 2008 WL 5234353, at *8. Procedendo issued on February 23, 2009.

In his first application for postconviction relief, Stouffer challenged the venue of his trial, claimed his trial counsel was ineffective for failing to properly counsel him concerning his right to testify, and claimed his trial counsel was ineffective for failing to effectively impeach jailhouse informant Terance Edgington. The postconviction court denied Stouffer's application, and this court affirmed. *See Stouffer*, 2013 WL 5498060, at *7.

This appeal arises out of the district court's dismissal of Stouffer's second application for postconviction relief. Stouffer filed the application on November 26, 2013, almost five years after procedendo issued in his direct appeal. The

application sets forth several claims for relief, including a claim Stouffer's trial counsel was ineffective for failing to impeach witness Edgington. Specifically, Stouffer argued Edgington may have received sentencing concessions in a federal case after testifying at Stouffer's trial. The State moved for summary judgment. With respect to this particular claim, the State argued the claim was time-barred, was barred res judicata, and was too nebulous to warrant relief. The district court denied the motion to dismiss with respect to this particular claim, concluding Stouffer should have the opportunity to recast his claim with greater specificity. In response to the district court ruling, Stouffer filed several pro se motions essentially seeking more time to obtain Edgington's criminal history records. The district court denied Stouffer's motions and ultimately dismissed Stouffer's second application for postconviction relief.

We conclude the district court correctly granted the State's motion for summary judgment. Stouffer's claim regarding impeachment evidence is barred by the statute of limitations. *See* Iowa Code § 822.3 (2013) ("All other applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued."). The ground-of-fact exception to the statute of limitations is inapplicable here. *See Harrington v. State*, 659 N.W.2d 509, 520-21 (Iowa 2003) (setting forth the showing required to succeed on the ground-of-fact exception to the statute of limitations). On cross-examination, Edgington admitted he had pleaded guilty to the federal offense at issue and also admitted to several state convictions. The sentencing information is thus not relevant

within the meaning of *Harrington*. *See id.* Further, Stouffer presented the same or largely the same claim in his first application for postconviction relief. His claim is thus barred res judicata. *See* Iowa Code § 822.8 ("Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application . . . ."); *Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009) ("A postconviction proceeding is not intended as a vehicle for relitigation, on the same factual basis, of issues previously adjudicated, and the principle of res judicata bars additional litigation on this point.").

**AFFIRMED.**