# IN THE COURT OF APPEALS OF IOWA

No. 15-0253
Filed May 11, 2016

**DAMIEN NEWSOME,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.

A postconviction relief applicant appeals the district court's denial of his application. **AFFIRMED.**

Ryan Gravett of Oliver Gravett Law Firm, Windsor Heights, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

Damien Newsome was convicted of possession with intent to deliver a controlled substance. *See State v. Newsome*, No. 12-0686, 2013 WL 1749922, at *1 (Iowa Ct. App. Apr. 24, 2013). After this court affirmed his conviction, he filed an application for postconviction relief (PCR), asserting counsel was ineffective in a number of respects. The district court denied Newsome's PCR application, and Newsome now appeals that denial claiming: (1) his trial counsel provides ineffective assistance when counsel did not offer into evidence the affidavit of another passenger in the vehicle, who claimed ownership of the drugs at issue in an affidavit signed after Newsome's arrest; (2) counsel was ineffective when counsel advised him to waive a jury trial and proceed to a stipulated bench trial; and (3) counsel was ineffective when counsel failed to object to the court's consideration of hearsay statements from a confidential informant at the bench trial.

Upon our de novo review of the record, we agree with the district court's dismissal of Newsome's PCR application. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015) (noting the applicable standard of review). Even if the affidavit had been offered and not excluded on hearsay grounds, the court found the result of the trial would have been the same. The court further concluded, with regard to the jury-trial waiver, the evidence against Newsome was strong and there was a considerable sentencing concession offered to Newsome to agree to a stipulated bench trial. We agree with the district court's assessment of both of these claims.

Newsome's final claim regarding the alleged hearsay was already presented to, and rejected by, this court on direct appeal. *See Newsome*, 2013 WL 1749922, at *7-8 (noting none of the statements made by the confidential informant were hearsay because the statements were not used for the truth of the matter asserted; instead the statements "were used to show why the officers conducted the stop of the vehicle"). Because this issue has already been raised and resolved, Newsome is precluded from asserting it again on appeal from the dismissal of his PCR application. *See* Iowa Code § 822.8 (2013); *see also Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009). To the extent Newsome claims his confrontation rights were violated by his inability to cross-examine this confidential informant by following counsel's recommendation to agree to a stipulated bench trial, we agree with the district court's assessment that Newsome cannot prove prejudiced because Newsome failed to show "what would have been gained by cross-examin[ation] . . ., []or that it would have changed the outcome of the trial."

We affirm the district court's denial of Newsome's PCR application pursuant to Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**