## IN THE COURT OF APPEALS OF IOWA

No. 13-0068
Filed August 17, 2016

**RONALD DUANE WHEELER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, Henry W. Latham II, Judge.

Wheeler appeals the district court decision denying his application for postconviction relief from his conviction of two counts of second-degree sexual abuse. **AFFIRMED.**

John J. Wolfe of Wolfe Law Office, Clinton, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., Vaitheswaran, J., and Goodhue, S.J.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, Senior Judge.**

Ronald Duane Wheeler appeals from the dismissal of his postconviction-relief petition pursuant to the State's motion for summary dismissal.

## I.       Background Facts and Proceedings

On December 29th, 1999, Wheeler pled guilty to two counts of sexual abuse in the second degree.  Pursuant to a plea agreement, four other counts included in the trial information were dismissed.  Wheeler was ordered to serve the sentences consecutively.  Wheeler attempted to appeal, but the appeal was not timely filed.  In 2002, Wheeler filed his first postconviction-relief application, which was denied and dismissed as frivolous on appeal.  In 2012, Wheeler filed a second postconviction-relief application, which was dismissed as untimely.

This is Wheeler's third postconviction-relief request.  The State filed a motion for summary dismissal, citing the three-year statute of limitation provided by Iowa Code section 822.3 (2013), and the motion was granted.  Wheeler has again appealed.

The underlying basis of the current request is the allegation the court that accepted his guilty plea failed to properly inform him of the elements of sexual abuse in the second degree and the further allegation Wheeler did not admit the elements of second-degree sexual abuse in the plea proceeding.  Wheeler also alleges ineffective assistance of counsel during and leading up to the plea proceeding.  He contends the three-year statute of limitation is not applicable because the sentence imposed based on the December 29, 1999 plea was illegal and can accordingly be addressed at any time under Iowa Rule of Criminal Procedure 2.24(5)(a).

## II.     Preservation of Error

The State does not contest that error has been preserved.

## III.     Standards of Review

Postconviction proceedings are generally reviewed for errors of law, but when a claim of ineffective assistance of counsel has been alleged, our review is de novo. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

## IV.     Discussion

A postconviction-relief action is time barred if filed after three years from the date the conviction or decision is final or procedendo is issued, unless a statutory exception exists. Iowa Code § 822.3; *Harrington v. State,* 659 N.W.2d 509, 520 (Iowa 2003). Wheeler does not alert us or direct us to any statutory exception. Instead, he relies on the authority of the court to correct an illegal sentence at any time. *See* Iowa R. Crim. P. 2.24(5)(a). Even assuming the court failed to follow the requirements of rule 2.8(2)(b) when taking Wheeler's guilty plea, the failure did not create an illegal sentence. *See Lopez-Penaloza v. State*, 804 N.W.2d 537, 541-42 (Iowa 2011). Such an error may be a failure to follow the Iowa Rules of Criminal Procedure and is a procedural error, but an illegal sentence is one not authorized by statute or is beyond the court's power to impose. *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001).

Wheeler also alleges ineffective assistance of counsel during the plea taking. All grounds for relief in the postconviction-relief proceeding must be set out in the original application and any grounds once adjudicated cannot be the basis for a subsequent application. Iowa Code § 822.8. In the first postconviction-relief hearing, the claim of ineffective assistance of counsel

regarding the plea taking and the prior proceedings was raised, and the trial court concluded there was no "evidence offered in these proceedings by the applicant to indicate that his trial counsel failed to perform some essential duty. On the whole, in fact, it appears the attorney went beyond his basic duties to make sure Wheeler knew what he was doing when he plead guilty."

Postconviction proceedings are not intended to be a vehicle for relitigating the same factual issues previously considered. *Holmes v. State,* 775 N.W.2d 733, 735 (Iowa Ct. App. 2009).

We affirm the decision of the district court.

**AFFIRMED.**