# IN THE COURT OF APPEALS OF IOWA

No. 18-1424
Filed December 18, 2019

**BETTY ANN NALL,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


Betty Nall appeals from the district court's dismissal of her application for postconviction relief following her convictions of theft and forgery.  **AFFIRMED.**


Jesse A. Macro, Jr. of Macro & Kozlowski, LLP, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee State.


Considered by Bower, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, Judge.**

Betty Nall was convicted of several counts of forgery and two counts of theft, one arising in a case that was tried on the minutes of testimony and one arising in a case that was resolved by guilty plea. On direct appeal, Nall challenged the two theft convictions, arguing her conduct did not constitute theft by taking under Iowa Code section 714.1(1) (2013). The Iowa Supreme Court agreed. *See State v. Nall*, 894 N.W.2d 514, 524–25 (Iowa 2017). Applying Nall's requested interpretation of section 714.1(1), the court found the first theft conviction was not supported by sufficient evidence and the plea to the second theft conviction lacked a factual basis. *Id.* The court remanded for dismissal of both counts. *Id.* In doing so, the court elected "to sever the judgment and sentence for each theft conviction" from the unchallenged forgery convictions "and allow the remaining sentences in both cases to stand." *Id.* at 525. The court categorically stated, "We do not believe the theft convictions and sentences affected the court's sentencing decision on the remaining charges." *Id.*

Nall sought postconviction relief. She alleged, (1) "[A]s a result of trial counsel's . . . ineffectiveness the district court proceeded to sentence [her] based, in part, upon two separate theft charges which were later vacated for lacking any factual basis" and (2) "[A]ppellate counsel failed to request the cases be remanded for resentencing in light of the vacated theft charges, and therefore appellate counsel was ineffective." She requested "[p]roper sentencing based upon the aforementioned vacated charges."

The State moved for summary judgment and dismissal on the ground that Nall's "issues have already been decided on direct appeal." Following a hearing,

the district court granted the motion, reasoning, "Both issues Nall raises were adjudicated by the supreme court on direct appeal." We discern no error in the court's conclusion.

The supreme court answered the question of the effect of the overturned theft convictions on the sentences for the remaining forgery convictions. Nall's issues, while raised under an ineffective-assistance-of-counsel rubric, implicate the identical sentencing question decided by the supreme court. The question cannot be re-litigated. *Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009) ("Holmes cannot now relitigate issues decided adversely to him on direct appeal.").

We affirm the postconviction court's grant of the State's motion for summary judgment.

**AFFIRMED.**