# IN THE COURT OF APPEALS OF IOWA

No. 21-1161
Filed April 13, 2022

**MARK DOUGLAS HAASE,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Boone County, John R. Flynn,
Judge.

Mark Haase appeals the denial of his application for postconviction relief.
**AFFIRMED.**

Kevin Hobbs, Johnston, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney
General, for appellee State.

Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Mark Haase appeals the denial of his application for postconviction relief (PCR) concerning his convictions for possession with intent to deliver methamphetamine and failure to affix a tax stamp in violation of Iowa Code sections 124.401(1)(b)(7) and 453B.12 (2016). He alleges ineffective assistance of both trial and PCR counsel. Upon our review, we affirm.

### I. Background Facts and Proceedings.

Haase's two charges arose after a search of his home revealed large amounts of cash and methamphetamine in November 2016. The warrant application to search Haase's home recounted three backings: 1) text messages linking Haase to drug dealing with his neighbor; 2) a concerned mother's tip about her daughter and another man's theft of drugs and money from Haase's home, both of which were recovered in the alleged amounts from the property of the man identified; and 3) revelations by Haase's ex-girlfriend during an interview about domestic assault regarding his drug dealing and the location of contraband within his home.

Haase's trial counsel filed a motion to suppress challenging the search warrant based on the ex-girlfriend's credibility. Because the text messages with the neighbor and the mother's tip were stale in time, the district court acknowledged that the probable cause for the search warrant would be lacking without the ex-girlfriend's information. However, the district court denied the motion to suppress.

During the trial, the State introduced text message statements through another officer's testimony regarding a "phone dump" of the phone belonging to

Haase's neighbor, Dallas Forkner. Law enforcement seized Forkner's phone during an August 2016 traffic stop, and messages indicated that he was heavily involved in the illegal distribution of methamphetamine. Text messages with a contact labelled "neighbormark" were linked to Haase, as he resides two houses away and officers had this phone number on file from previous calls with Haase. A jury convicted Haase on both counts.

Haase timely filed for appeal, arguing the district court should have granted his motion to suppress the evidence arising from the search warrant. *See State v. Haase*, No. 17-0410, 2018 WL 4922948, at *1 (Iowa Ct. App. Oct. 10, 2018). Specifically, he asserted that the affiant police officer "acted with reckless disregard for the truth" when attesting to facts in support of the search warrant application because he failed to consider the ex-girlfriend's lack of credibility. *Id.* We agreed with the district court's reasoning that most informants have questionable character issues and that the concerns raised did not demonstrate this officer engaged in a reckless disregard for the truth. *Id.* Therefore, we affirmed the denial of Haase's suppression motion and his judgement and sentence in a December 2018 decision. *Id.* at *2. The Iowa Supreme Court denied his application for further review.

Haase timely filed a PCR application, arguing ineffective assistance of counsel. This application was denied and now comes before us on appeal.

## II. Review.

Because ineffective-assistance-of-counsel claims raise constitutional issues, we review the denial of such PCR applications de novo. *Linn v State*, 929 N.W.2d 717, 729 (Iowa 2019).

### III. Discussion.

"To prevail on an ineffective assistance of counsel claim, the claimant must satisfy the two-prong test by proving that his trial counsel failed to perform an essential duty and prejudice resulted." *State v. Majors*, 940 N.W.2d 372, 391 (Iowa 2020) (quoting *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012) (describing the two-prong test for ineffective assistance of counsel claims set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). With regard to the first prong, we presume counsel performed competently unless proven otherwise by a preponderance of the evidence. *Id.* Our test is measured objectively against the prevailing professional norms. *Id.* To establish the prejudice required of the second prong, "the claimant must prove by a reasonable probability that, but for counsel's failure to perform an essential duty, the result of the proceeding would have been different." *Id.* (citation omitted). Rather than the "more likely than not" standard, this second prong requires a showing that "the probability of a different result is 'sufficient to undermine [our] confidence in the outcome' of the trial." *Id.* (quoting *State v. Ary*, 877 N.W.2d 686, 705 (Iowa 2016) (alteration in original)).

Haase asserts three theories in support of his ineffective-assistance claim: 1) the motion to suppress the fruits of the search warrant should have been based on the ex-girlfriend's motivation to lie rather than her "sketchy moral character," 2) a failure to timely file a demand to confront the State's witnesses, and 3) a failure to make a hearsay objection to text message statements introduced by the State from the phone belonging to Haase's neighbor. While Haase's PCR counsel did not advance all of these theories before the district court, an exception to the normal error-preservation rules permits our review. *See Dunbar v. State*, 515

N.W.2d 12, 14–15 (Iowa 1994) ("[T]he ineffectiveness of [PCR] counsel constitutes 'sufficient cause' under section [822.8] to excuse an applicant's failure to adequately raise an issue in prior proceedings."). We address each in turn.

*A. Suppression.*

Haase contends that both trial and PCR counsel did not effectively argue the issue of suppressing the search warrant. The suppression issue was at the center of Haase's unsuccessful appeal. *See Haase*, 2018 WL 4922948, at *1. The district court denied Haase PCR because it determined the application was a repetition of the suppression arguments made and resolved on direct appeal. However, Haase argues that herein lies his PCR counsel's ineffectiveness because the PCR application should have made a different argument. Essentially, he asserts that the *Franks* challenge to the search warrant should have been based on his ex-girlfriend's vendetta against him and motivation to lie rather than on her simply not being a "model citizen." *See Franks v. Delaware*, 438 U.S. 154, 171 (1978).

Our courts apply the *Franks* standard to examine the truthfulness of an affiant in applying for a search warrant. *State v. Niehaus*, 452 N.W.2d 184, 186 (Iowa 1990) (citing *Franks*, 438 U.S. at 171). This standard requires a defendant to demonstrate that the affiant officer "was purposely untruthful with regard to a material fact in his or her application for the warrant, or acted with reckless disregard for the truth." *Id.* (citing *Franks*, 438 U.S. at 171–72). "Omissions of fact constitute misrepresentations only if the omitted facts 'cast doubt on the existence of probable cause.'" *State v. Green*, 540 N.W.2d 649, 657 (Iowa 1995) (citation omitted).

Here, Haase's argument is no different from that asserted on direct appeal. Like his motion to suppress and direct appeal, his PCR application alleged the affiant officer omitted facts bearing on his ex-girlfriend's reliability—specifically, that she was a methamphetamine addict and they had a rocky romantic relationship in which he had thrown her out of his house and continued to reside with a new, live-in girlfriend. While Haase claims the challenges made before the district court and on direct appeal were limited to the ex-girlfriend not being a "model citizen" due to her own drug use, Haase's counsel sufficiently informed both our court and those below of her possible motivations against him that went beyond her character flaws.

Specifically, the search warrant application described this informant as Haase's "on again off again girlfriend" and indicated there were multiple incidents when the couple had been fighting and physically assaulted each other. The order denying the motion to suppress acknowledged, "That Tesdahl and Defendant had significant issues in their relationship. She had broken into his house. Haase had previously called law enforcement based on problems he had with Tesdahl." Certainly, this was sufficient information to reveal the "vendetta" angle that Haase now asserts. Therefore, Haase effectively advances the same theory on the same factual basis. *See Haase*, 2018 WL 4922948, at *1. Accordingly, we find relitigation of this issue to be barred. *See Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009) ("A postconviction proceeding is not intended as a vehicle for relitigation, on the same factual basis, of issues previously adjudicated, and the principle of res judicata bars additional litigation on this point.").

Even if Haase's current argument could be distinguished, we find there is no basis for ineffective assistance of counsel. As explained above, counsel's motion to suppress adequately informed the court of the alleged credibility issues undermining the search warrant application. On direct appeal, we agreed with the district court's finding that "[t]here is nothing about the information provided by [the ex-girlfriend] or the lack of information about [her] in the warrant application which suggests or should have suggested that [her] veracity should be questioned as it relates to Haase being in possession of drugs." *Id.* (alterations in original). Moreover, "only impeachment of the affiant is permitted, not that of a nongovernmental informant." *Niehaus*, 452 N.W.2d at 187. Haase has not demonstrated that the affiant officer purposely or recklessly omitted details about the ex-girlfriend. We cannot say that counsel failed to perform an essential duty in connection with challenging the search warrant.

*B. Confrontation.*

Haase faults trial counsel for not timely demanding trial testimony from the State's Division of Criminal Investigation (DCI) witnesses, and he faults PCR counsel for not raising this accusation against trial counsel. Reports from the DCI crime lab are admissible at trial without testimony, but the defendant may request an employee or technician's personal appearance by filing at least ten days before trial. Iowa Code § 691.2(1), (2).

Here, the DCI criminalist who tested the drugs did testify at trial. In fact, Haase's counsel cross-examined the criminalist concerning lab procedures, the lab's accreditation, and the specific chemical testing performed. However, because Haase's counsel filed a demand less than ten days before trial, the State

did not call the DCI evidence technician who handled the evidence upon its arrival at the lab to testify at trial. Haase's trial counsel argued this omission called the chain of custody into question. However, the district court found the State established a sufficient foundation for admitting the evidence and specifically acknowledged that the confrontation clause was not at issue under the procedure followed. *See State v. Knight*, 852 N.W.2d 273, 279 (Iowa Ct. App. 2014) ("[W]hen the record shows the disputed evidence was sent to the DCI crime lab and handled in conformity with the rules governing the lab, the district court is entitled to presume the evidence was not tampered with during transport to and from the lab and while at the lab."); *see also Watson v. State*, No. 11-1833, 2013 WL 99862, at *6 (Iowa Ct. App. Jan. 9, 2013) ("Had such a request been timely made, the State undoubtedly would have had the DCI technician testify at trial. So, at the end of the day, it is apparent that [the defendant's] attorneys could not keep the DCI report from the jury on a Confrontation Clause grounds basis.").

Haase makes a vague argument that a timely filing to confront the State's witnesses might have enabled his counsel "to keep out the [DCI's] findings regarding the seized methamphetamine contraband." However, there were no apparent grounds for doing so. The criminalist's testimony supported the lab results, and Haase points to no evidence undermining the testimony or the results. Nor has he presented any allegation, much less indication, of tampering or improper handling. Therefore, Haase fails to satisfy his burden of establishing a likelihood of a different result. *See Majors*, 940 N.W.2d at 391. PCR counsel had no duty to raise an unfounded confrontation claim, and we reject Haase's ineffective-assistance challenge on this ground.

*C. Hearsay.*

Haase also faults trial counsel for failing to make a hearsay objection over the text messages entered from his neighbor's phone, and he faults PCR counsel for not raising this accusation against trial counsel. The rule against hearsay covers an out-of-court statement offered into evidence to prove the truth of the matter asserted. Iowa R. Evid. 5.801(c). We must determine whether "the hearsay rule can be found inapplicable here under any theory." *State v. Hilleshiem*, 305 N.W.2d 710, 712 (Iowa 1981). Hearsay does not include an opposing party's statement that "[w]as made by the party in an individual or representative capacity." Iowa R. Evid. 5.801(d)(2)(A).

The text message statements between Haase and his neighbor fell under the non-hearsay classifications. Given the context and the police department's prior association with this number belonging to Haase, we find there is sufficient authentication to link the text messages to Haase. *See State v. Goodwin*, No. 18-1822, 2020 WL 1551149, at *4 (Iowa Ct. App. Apr. 1, 2020) ("[T]he burden to authenticate . . . is not high—only a prima facie showing is required . . . . This requirement is satisfied if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification." (internal citations and quotation marks omitted)). Therefore, any of the messages sent by Haase himself were admissible as admissions of a party opponent. Second, any of the neighbor's messages sent to Haase were admissible to provide context for his own admissions. *See Hilleshiem*, 305 N.W.2d at 713 ("Statements of one party to a conversation may be admitted without regard to their truth or falsity in order to show the context in which admissible statements by another party were made.").

Haase's counsel had no duty to raise a non-meritorious hearsay objection. Therefore, Haase's ineffective-assistance-of-counsel claim fails in this regard.

### IV. Disposition.

Because Haase failed to prove breach of an essential duty by his trial counsel, we find he did not establish ineffective assistance of counsel in connection with any of the three grounds asserted in this appeal. We therefore affirm the district court's denial of Haase's PCR application.

**AFFIRMED.**