# IN THE COURT OF APPEALS OF IOWA

No. 22-1272
Filed June 21, 2023

**ROMAN JACOB MONCIVAIZ,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Story County, Amy M. Moore, Judge.

An applicant appeals the denial of his second postconviction-relief application. **AFFIRMED.**

Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee State.

Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**SCHUMACHER, Presiding Judge.**

Roman Moncivaiz appeals the denial of his second postconviction-relief application (PCR). He alleges the existence of newly discovered evidence. He also claims that his trial counsel and first PCR counsel were ineffective in failing to discover another suspect would not be prosecuted. He asserts his trial counsel was ineffective in failing to challenge an aiding and abetting jury instruction because the State declined to prosecute another suspect. Because evidence that the State declined to prosecute another suspect would not have changed the result of Moncivaiz's trial or the results of his first PCR application, Moncivaiz's trial counsel and first PCR counsel were not ineffective. Accordingly, we affirm.

## I.     Background Facts & Proceedings

Moncivaiz was charged with first-degree robbery and attempted murder in 2015. *State v. Moncivaiz*, No. 16-1175, 2017 WL 4050035, at *1 (Iowa Ct. App. Sept. 13, 2017). The factual basis of the convictions is aptly described in this court's decision on direct appeal. *See id.* In short, Moncivaiz and another male, believed to be Anthony Hinton, assaulted and robbed Bryan Cox on October 19, 2014. *Id.* While Cox was able to identify Moncivaiz as a perpetrator, he was not able to clearly identify Hinton. At trial, the State presented two alternative theories, suggesting Moncivaiz acted as the principal in the robbery and assault and, in the alternative, he aided and abetted Hinton. *See id.* at *3. The jury found Moncivaiz guilty of first-degree robbery and assault with intent to inflict serious injury, a lesser-included offense of attempted murder. *Id.* at *1. The verdict form does not specify which theory the jury relied on in reaching the verdict.

Moncivaiz appealed his convictions. As relevant here, he alleged his trial counsel was ineffective for failing to challenge the sufficiency of the evidence. *Id.* at *2. This court found sufficient evidence under both the State's principal and aiding and abetting theories. *Id.* at *3. Moncivaiz subsequently filed his first PCR application, alleging trial counsel and appellate counsel were ineffective on various grounds. *See Moncivaiz v. State*, No. 19-0811, 2020 WL 2988287, at *1 (Iowa Ct. App. June 3, 2020). That application was denied, and this court affirmed on appeal. *Id.* at *2.

The State did not prosecute Hinton, and the statute of limitations for charges expired three years after the offense was committed, in October 2017. *See* Iowa Code § 802.3 (2015).

Moncivaiz filed his second PCR application on September 10, 2020, which was later amended on October 22, 2021. He claimed newly discovered evidence existed: that the State did not prosecute Hinton. According to Moncivaiz, the State's decision not to prosecute Hinton was fatal to the theory that Moncivaiz aided and abetted Hinton and, as a result, the jury should not have received an instruction on that theory. Moncivaiz claims that without the aiding and abetting theory, he would not have been convicted. He also alleges trial counsel and his first PCR counsel were ineffective in failing to raise such claims. The district court denied Moncivaiz's second PCR application. Moncivaiz appeals.

## II.    Standard of Review

"Generally, an appeal from a denial of an application for postconviction relief is reviewed for correction of errors at law." *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) (citation omitted). "[W]hen the applicant asserts claims of a

constitutional nature, our review is de novo. Thus, we review claims of ineffective assistance of counsel de novo." *Id.* (quoting *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001)).

## III. Discussion

Moncivaiz claims the State's decision not to prosecute Hinton, and in particular the expiration of the statute of limitations to charge Hinton, is newly discovered evidence. Without prosecuting Hinton, Moncivaiz contends the aiding and abetting theory was fatally flawed and the jury should not have been instructed on it. He further claims he would not have been convicted under the principal theory alone. We disagree.

To establish a claim based on newly discovered evidence, the applicant must show:

> (1) that the evidence was discovered after the verdict; (2) that it could not have been discovered earlier in the exercise of due diligence; (3) that the evidence is material to the issues in the case and not merely cumulative or impeaching; and (4) that the evidence probably would have changed the result of the trial.

*Harrington v. State*, 659 N.W.2d 509, 516 (Iowa 2003) (quoting *Jones v. State*, 479 N.W.2d 265, 274 (Iowa 1991)).

Moncivaiz cannot establish that evidence of the State's decision not to prosecute Hinton probably would have changed the result of the trial. The State need not identify or convict a principal to sustain a conviction for aiding and abetting. Our law is clear, "The guilt of a person who aids and abets the commission of a crime must be determined upon the facts which show the part the person had in it, *and does not depend upon the degree of another person's guilt.*" Iowa Code § 703.1 (emphasis added). Thus, the jury instruction on aiding and

abetting was proper, and the jury was free to convict Moncivaiz on that ground, regardless of the State's decision on whether to prosecute Hinton—or any other principal, for that matter.

And even excluding the aiding and abetting theory, this court already found sufficient evidence on direct appeal for the State's theory that Moncivaiz acted as a principal. *See Moncivaiz*, 2017 WL 4050035, at *3. "Our decision on direct appeal is thus final as to all issues decided therein, and is binding upon both the postconviction court and this court in subsequent appeals." *Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009). The purported newly discovered evidence does nothing to undermine Moncivaiz's conviction under the State's theory he acted as a principal.

For the same reasons, trial counsel and first PCR counsel were not ineffective in failing to discover and raise the fact that Hinton was not prosecuted or for failing to challenge the jury instruction for aiding and abetting on that ground. As the State points out, this second claim by Moncivaiz must be an alternate theory on appeal, as Moncivaiz's claim that his trial counsel and first PCR counsel were ineffective in failing to raise this argument would require that the failure to prosecute another individual was known to counsel and, therefore, could not be newly discovered evidence.

"[A]ll postconviction relief applicants who seek relief as a consequence of ineffective assistance of counsel must establish counsel breached a duty and prejudice resulted." *Lamasters*, 821 N.W.2d at 866 (citation omitted). Moncivaiz's prior counsel did not breach a duty in failing to raise Hinton's lack of prosecution or the aiding and abetting jury instruction because, as described above, there was

no legal basis to do so. *See* Iowa Code § 703.1. And even if counsel had successfully undermined the aiding and abetting theory, sufficient evidence existed to support Moncivaiz's conviction under the theory he acted as principal. Moncivaiz is unable to demonstrate prejudice.

**AFFIRMED.**