# IN THE COURT OF APPEALS OF IOWA

No. 23-0130
Filed April 10, 2024

**TROY ANDREW WILLIAMS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Mark Fowler, Judge.


Troy Williams appeals the order granting summary dismissal of his second application for postconviction relief. **AFFIRMED.**


R.E. Breckenridge of Breckenridge Law P.C., Ottumwa, for appellant.

Brenna Bird, Attorney General, and Katherine P. Wenman, Assistant Attorney General, for appellee State.


Considered by Bower, C.J., Chicchelly, J., and Potterfield, S.J.*  Buller, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**CHICCHELLY, Judge.**

Troy Williams appeals the order granting summary dismissal of his second application for postconviction relief (PCR). He contends the PCR court erred by finding the issues he raised were decided on appeal in the denial of his first PCR application. He also contends his PCR counsel was ineffective by failing to argue this point adequately below. Because the Iowa Supreme Court affirmed the denial of Williams's first PCR application on the merits, Williams is precluded from relitigating those claims here. His PCR counsel was not ineffective by failing to raise a meritless claim. We therefore affirm.

In April 2013, a jury convicted Williams of conspiracy to commit a non-forcible felony. We affirmed his conviction on direct appeal. *State v. Williams*, No. 13-0801, 2014 WL 2600276, at *1 (Iowa Ct. App. June 11, 2014).

Williams filed his first PCR application in 2015, which the PCR court denied after a hearing. Williams appealed, and this court found that Williams's PCR counsel committed structural error by "fail[ing] to find or recognize claims with possible merit." *Williams v. State*, No. 17-0431, 2018 WL 1629910, at *5 (Iowa Ct. App. Apr. 4, 2018). As a result, we held that Williams was denied his right to effective assistance of counsel, reversed the PCR court's ruling, and remanded for a hearing on the merits with new counsel. *Id.* But on further review, an evenly divided Iowa Supreme Court affirmed the PCR court's ruling by operation of law. *Williams v. State*, No. 17-0431, 2019 WL 2313378, at *1 (Iowa May 31, 2021).

In July 2019, five years after his conviction became final, Williams filed his second PCR application. The State moved for summary disposition, claiming that the issues raised in Williams's second PCR application were identical to those

raised in the first and he was therefore precluded from relitigating them. At the hearing on the motion, Williams's counsel argued that summary disposition was premature because a private investigator was attempting to contact and interview Williams's co-defendants, who could provide testimony that would exonerate Williams. Counsel asked the court to allow the case to continue while the private investigator looked for the witnesses, believing that an interview with them would lead to an amended PCR application.

The PCR court granted summary dismissal of Williams's second application. It held that any statements by the co-defendants, if located, would not be newly discovered evidence because it was known to Williams at the time of trial. It also found the claim was addressed by the court in denying the first PCR application. Finally, the court could not find the evidence would create a reasonable probability that a different result would have been reached if it had been introduced at trial.[1] Williams appeals.

We review the summary dismissal of a PCR application for correction of errors at law. *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). Applying our summary judgment standards to summary disposition of PCR applications, summary disposition is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show . . . there is no genuine issue as to any material fact and . . . the moving party is entitled

---

[1] The court noted that Williams "has no proof of what these co-defendants might say, just a firm belief." It also noted that one of the co-defendants absconded when the original charges were brought and has not been located despite active warrants in this and other jurisdictions and a private investigator searching for him. On this basis, the prosecutor theorized that the co-defendant was either deceased or living outside the United States.

to a judgment as a matter of law." *Id.* (quoting Iowa R. Civ. P. 1.981(3)). The State, as the moving party, bears the burden of proving there are no genuine issues of material fact, and we review the record in the light most favorable to Williams. *See id.*

Williams contends the court erred by finding he was precluded from raising the claims brought in his first PCR action because the claims were never fully litigated because of a structural defect in the first PCR proceeding, as found by this court on appeal. This argument ignores that the Iowa Supreme Court affirmed by operation of law the order denying Williams's claims in that action on the merits. Williams cannot rely on our decision on appeal in the first PCR action to show that the issues were never litigated properly because that decision was vacated. *See State v. Effler*, 769 N.W.2d 880, 884 (Iowa 2009) (holding that when the supreme court is equally divided on an issue the court of appeals and district court differ over, the district court is affirmed by operation of law and the decision of the court of appeals is vacated). Because the order denying his first PCR application on the merits stands, Williams cannot relitigate the claims raised in that application. *See Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009) ("Relitigation of previously adjudicated issues is barred.").

Williams also contends that his second PCR counsel was ineffective by failing to argue his claims were not precluded. Because the claim he asserts PCR counsel should have raised has no merit, his counsel was not ineffective for failing to raise it. *See State v. Booth-Harris*, 942 N.W.2d 562, 577 (Iowa 2020).

We affirm the summary dismissal of Williams's PCR application.

**AFFIRMED.**