# IN THE COURT OF APPEALS OF IOWA

No. 24-0172
Filed June 18, 2025

**DEVEN LUCAS DESCHEPPER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, John Telleen, Judge.

Deven Deschepper appeals the denial of his application for postconviction relief. **AFFIRMED.**

Thomas M. McIntee, Williamsburg, for appellant.

Brenna Bird, Attorney General, and Benjamin Parrott, Assistant Attorney General, for appellee State.

Considered without oral argument by Ahlers, P.J., Buller, J., and Doyle, S.J.* Telleen, S.J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**DOYLE, Senior Judge.**

Deven Deschepper appeals the denial of his application for postconviction relief (PCR) from his convictions for possession of marijuana with intent to deliver and possession of methamphetamine. He contends he received ineffective assistance from his trial counsel, and he challenges his sentence. We review PCR rulings for correction of errors at law, but we review claims involving constitutional rights de novo. *See Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). On de novo review, we give weight to the PCR court's findings although we are not bound by them. *See id.*

We start with a brief history of the proceedings leading to the PCR ruling. Deschepper pled guilty to possession of marijuana with intent to deliver and possession of methamphetamine in exchange for dismissal of three additional charges. The State agreed to recommend probation and not resist a deferred judgment. The sentencing court denied Deschepper's request for deferred judgment and ordered him to serve five years for possession of marijuana with intent to deliver and 365 days for possession of methamphetamine. It suspended the sentences, which it ordered Deschepper to serve consecutively. Deschepper challenged his sentences on direct appeal, which this court affirmed. *State v. Deschepper*, No. 18-2188, 2020 WL 1049860, at *1 (Iowa Ct. App. Mar. 4, 2020).

Deschepper then applied for PCR. He claimed his trial counsel was ineffective in advising him on pleading guilty in four respects: (1) by not advising him to accept a possible "offer" to dismiss the charges if he went to prison on charges pending in Illinois; (2) by enticing him to plead guilty by guaranteeing he would receive a deferred judgment; (3) by filing a written guilty plea that had been

executed months prior; and (4) by allowing the court to accept a written guilty plea to a misdemeanor where consent to waive his personal presence was not set forth in writing. The PCR court rejected the first two arguments because there was never an offer to dismiss the charges based on an Illinois prison sentence and counsel never guaranteed deferred judgment. The PCR court also found Deschepper failed to prove his counsel did not have permission or authority to file the written guilty plea or that he could only waive his right to personal presence in writing. Deschepper resurrects these arguments on appeal, but we concur with the PCR court and find no further purpose would be served by duplicating its ruling.

In his PCR application, Deschepper also alleged that the sentencing court relied on improper factors in imposing his sentences. The PCR court rejected his claim, noting that it was raised to and rejected by this court on direct appeal. Because Deschepper is barred from relitigating the issue in his PCR proceeding, we also affirm on this basis. *See Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009); *see also* Iowa Code § 822.8 (2022).

Finally, Deschepper asserts two claims on appeal that were either not raised to or decided by the PCR court. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) (citation omitted). Because Deschepper did not preserve error for our review, we will not consider these arguments for the first time on appeal. *Sandoval v. State*, 975 N.W.2d 434, 438 (Iowa 2022).

For these reasons, we affirm under Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**