STATE of Iowa, Appellee,

v.

Richard WETZEL, Appellant.

No. 54563.

Supreme Court of Iowa.

Dec. 15, 1971.

L. Jack Degnan, Guttenberg, for appellant.

Richard C. Turner, Atty. Gen., Richard N. Winders, Asst. Atty. Gen., and Harold H. Pahlas, County Atty., for appellee.

MOORE, Chief Justice.

Applicant, Richard Wetzel, appeals from trial court's denial of relief under our Post-conviction Procedure Act, chapter 1276, Acts 63rd General Assembly, which became effective July 1, 1970. It is now chapter 663A, Code, 1971. We affirm the trial court but grant Wetzel a delayed appeal from his conviction and sentence for the crime of false pretenses in violation of Code section 713.1.

I. A Clayton County jury found Wetzel guilty of false pretenses and on February 2, 1968 he was sentenced to a term not to exceed seven years in the state penitentiary at Fort Madison (Lee County, Iowa). On March 1, 1968 Wetzel filed with the Clayton County district court clerk a notice of appeal which he had signed. Service thereof on the county attorney, as required by Code section 793.4 was not shown. Simultaneously Wetzel filed a pauper's oath and asked for appointment of an appeal attorney. His privately employed trial counsel, L. Don Snow, had withdrawn after Wetzel's sentencing. Of this Wetzel was fully aware. On March 14 the trial court advised Attorney Snow of Wetzel's appeal and appointed Snow as appeal counsel. On May 6, 1968 this court on motion by the attorney general dismissed Wetzel's appeal for failure to comply with the provisions of Code section 793.4. Wetzel had not notified Snow of this motion until the day it was sustained. He claimed difficulty in obtaining use of the telephone at the penitentiary. Shortly thereafter Wetzel discharged Snow.

On April 14, 1969 a full evidentiary hearing was held in Lee County district court on Wetzel's application for a writ of habeas corpus. He was represented by court appointed attorney Austin J. Rashid. The findings and conclusions of the trial judge, William S. Cahill, are a part of the record here.

In his findings and conclusions Judge Cahill carefully reviewed Wetzel's contentions including he had not been afforded a speedy trial, his retained counsel was incompetent and he was represented by ineffective appeal counsel. Judge Cahill held Wetzel had failed to establish any of these contentions. Judgment was entered dismissing Wetzel's application for a writ of habeas corpus and remanded him to the custody of the warden. No appeal was taken from this judgment.

Wetzel on August 7, 1970 petitioned the United States district court for a writ of habeas corpus which was denied by Judge Roy L. Stephenson for the reason his remedy had not been exhausted in the state court. In doing so Judge Stephenson called attention to Iowa's newly enacted postconviction statutes. He also referred to the holding in Blanchard v. Brewer, 8th Cir., 1970, 429 F.2d 89, regarding newly articulated standards for determining the question of effective assistance of appeal counsel.

On August 24, 1970 Wetzel commenced this postconviction relief action in Clayton County district court seeking release from the penitentiary. L. Jack Degnan was appointed trial counsel and has served on this appeal.

On the full evidentiary hearing in the case at bar the above related facts were established by exhibits and the testimony of Snow and Wetzel. Wetzel's testimony includes: "On April 14, 1969 I testified on the hearing for a Writ of Habeas Corpus. The only thing brought out here today that was not brought out before is the fact that the County Attorney in Lee County, alleged there was a deal made to get charges dropped so I would forego my appeal, which never happened." If such an allegation was made in Lee County, the evidence there did not so establish. It is undisputed the appeal was dismissed solely on the ground Wetzel had not given proper notice.

■ II. Faced with substantially the same record as that made in Lee County and Judge Cahill's findings and judgment, Judge Oberhausen, after citing section 8 of our postconviction act, denied defendant relief on the ground the matters raised had been finally adjudicated in the Lee County habeas corpus case.

Section 8 as pertinent here provides: "* * * Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application."

This section has not been heretofore considered by this court. Its provisions seem clear and unambiguous to us. Relitigation of previously adjudicated issues is barred. Like provisions in postconviction acts have been considered in other jurisdictions.

Byrd v. Warden of Maryland Penitentiary, 219 Md. 681, 147 A.2d 701, holds a petition for postconviction relief was properly dismissed where the same grounds had been relied on and relief denied in a prior habeas corpus action. Like holdings are made in Tillett v. Warden of Maryland House of Correction, 220 Md. 677, 154 A.2d 808, and in Ingram v. Warden of Maryland House of Correction, 221 Md. 597, 155 A.2d 668.

In People v. West, 43 Ill.2d 219, 252 N.E.2d 529, 530, the court says: "A postconviction proceeding is not intended as a vehicle for relitigation, on the same factual basis, of issues previously adjudicated, and the principle of *res judicata* bars additional litigation on this point." The court there affirmed dismissal of the petition for postconviction relief. The same principles are again stated and applied in the 1970 Illinois case of People v. Washington, 259 N.E.2d 276.

No new matters were presented in this postconviction proceeding which were not already considered and completely reviewed in the Lee County habeas corpus case. Therefore the judgment of the lower court must be and is affirmed.

■ III. Wetzel's brief and argument however presents to this court, for the first time, what must be construed as an application for a delayed appeal. He has at all times attempted to appeal his conviction to this court. His confinement and lack of knowledge as well as counsel's erroneous assumption that proper appeal notice had been given together with Judge Stephenson's indication some relief might be ordered under Blanchard v. Brewer, 429 F.2d 89, 8th Cir., decided July 21, 1970 are sufficient circumstances justifying the grant of a delayed appeal. Ford v. State of Iowa, 258 Iowa 137, 138 N.W.2d 116; State v. Horsey, Iowa, 180 N.W.2d 459.

Both counsel have agreed before this court that Wetzel has now served his time under the indeterminate sentence law and has been released from custody. Nevertheless he is granted a delayed appeal upon the condition he give a proper notice of appeal in Clayton County district court within sixty (60) days from the filing date of this opinion.

If Wetzel establishes indigency the usual appointment of appeal counsel and order for transcript and printing by the lower court is authorized.

The judgment of the lower court is affirmed.

Right to a delayed appeal is granted.

All Justices concur.