# IN THE COURT OF APPEALS OF IOWA

No. 18-1467
Filed April 29, 2020


**THOMAS DESHAWN HOLMES,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.


    Thomas Holmes appeals from the dismissal of his application for postconviction relief. **AFFIRMED.**


    Christopher Kragnes Sr. of Kragnes & Associates, P.C., Des Moines, for appellant.

    Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee State.


    Considered by Bower, C.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

Following a bench trial in 2000, Thomas Holmes was found guilty of first-degree kidnapping and first-degree robbery. He was sentenced to life in prison without parole on the kidnapping charge to be served concurrently with an indeterminate twenty-five-year sentence on the robbery charge. Holmes appealed, and his judgment and sentences were affirmed. *State v. Holmes*, No. 00-0950, 2001 WL 1577584, at *6 (Iowa Ct. App. Dec. 12, 2001). Holmes later filed a postconviction-relief (PCR) action, which was denied by the district court and affirmed on appeal. *Holmes v. State*, 775 N.W.2d 733, 737 (Iowa Ct. App. 2009).

In July 2012, Holmes initiated a two-pronged attack on his kidnapping conviction. In his criminal case, he filed a motion to correct an illegal sentence, arguing his kidnapping sentence was illegal. He also initiated another PCR action, arguing his kidnapping conviction was illegal. The basis for both attacks was the same, namely that the district court presiding over his trial, both in the verbal announcement that Holmes was found guilty and in the written order that followed, cited to nonexistent sections of the Iowa Code, specifically Iowa Code section 710.2(3) and (4) (2000). The district court combined the two proceedings attacking the kidnapping conviction and sentence. In the combined proceedings, the State acknowledged the error but pointed out that the error was clearly a clerical error in which the district court erroneously cited the nonexistent code section instead of the intended code section 710.1(3) and (4). The district court entered an order correcting the clerical error, denied the motion to correct an illegal sentence, and dismissed the PCR action as time-barred. On appeals from both rulings, the

rulings were affirmed. *Holmes v. State*, 12-2301, 2015 WL 4936382, at *2 (Iowa Ct. App. Aug. 19, 2015) (affirming dismissal of the PCR action as being time-barred); *see also State v. Holmes*, 12-2312, 2013 WL 6405363, at *2 (Iowa Ct. App. Dec. 5, 2013) (affirming the denial of the motion to correct an illegal sentence on the basis the alleged error was "unambiguously clerical in nature" and had already been corrected by the district court's order).

In this current PCR action, Holmes raises the very same issues raised in the two 2012 proceedings, namely that the clerical error regarding the kidnapping code sections requires vacation of his kidnapping conviction and sentence. His claims fail for the same reasons they failed last time, in addition to now failing on the principle of res judicata. *See State v. Weitzel*, 192 N.W.2d 762, 764 (Iowa 1971) (holding a PCR proceeding is not intended as a vehicle to relitigate issues previously adjudicated). We affirm the district court without further opinion, as a full opinion would not augment or clarify existing case law. *See* Iowa Ct. R. 21.26(1)(e). Any other issues mentioned in the briefs filed by Holmes and his counsel are deemed waived for failing to cite authority or make arguments in support of them. *See* Iowa R. App. P. 6.903(2)(g)(3).

**AFFIRMED.**