# IN THE COURT OF APPEALS OF IOWA

No. 19-0973
Filed July 22, 2020

**DERRICK DEONDRE DANIELS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer,

Judge.


        Derrick Daniels appeals the district court order dismissing his second

postconviction-relief application. **AFFIRMED.**



        Gary Dickey of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines, for

appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.



        Considered by Bower, C.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

Derrick Daniels appeals the district court order dismissing his second postconviction-relief (PCR) application on the State's motion to dismiss. The district court concluded Daniels's illegal-sentence claim was without merit, and the other grounds raised in the second application had already been adjudicated in Daniels's first PCR application and were thus barred under Iowa Code section 822.8 (2019).

## I.      Factual Background

The facts of this case were summarized by the panel of our court that decided Daniels's direct appeal:

> On January 6, 2013, the Waterloo Police Department was conducting surveillance of certain individuals and a vehicle believed to be involved in a cocaine trafficking operation. Officer Nicholas Barry was watching the Waterloo bus station when he saw an individual, later determined to be Derrick Daniels, get off of a Trail Ways bus arriving from Chicago. He was carrying a black duffle bag and walked toward a silver SUV. The silver SUV, driven by Latosha Daniels, had also been under surveillance by the police department. Daniels was observed getting into the vehicle carrying the black duffle bag. The vehicle was later stopped, and the duffle bag was found on the passenger side of the vehicle between Daniel's [sic] feet. The bag contained what was later determined to be almost seventy grams of cocaine base or crack cocaine. There was no drug stamp affixed to the duffle bag or the crack cocaine.
> The silver vehicle driven by Latosha had been stopped earlier in the day and had been searched. It contained no black duffle bag at that time and had continued to be under surveillance until it was stopped after departing from the bus station. Immediately thereafter, Latosha's residence was searched. Plastic baggies, two razors, and an electronic scale were found, all items frequently used by drug dealers. A pill box bearing Derrick Daniels name was also found at the residence.
> Daniels was arrested and charged with possession of cocaine base with the intent to deliver of less than fifty grams, which was later amended to more than fifty grams, and with possession of a controlled substance with no drug stamp affixed. While in jail, Daniels initiated a conversation with Deputy Sheriff Wayne Sidles in

which Daniels stated he brought the "stuff" back for "Big Wil" and indicated he wanted to cut a deal but terminated the conversation by indicating he wanted to talk to an attorney.

Daniels waived his right to a jury and stood trial before the court. Officer Joshua Zubak, a Waterloo police officer knowledgeable about the drug scene in Waterloo, testified that seventy grams of crack cocaine was not consistent with the amount ordinarily possessed by a user. He further testified that seventy grams of crack in Waterloo would sell for about $100 per gram or $7000.

Daniels was found guilty of possession of more than fifty grams of cocaine with intent to distribute and also of possession of a controlled substance without a tax stamp affixed. Daniels was sentenced to fifty years in prison with a mandatory one-third minimum sentence on the possession-with-intent-to-distribute charge and five years in prison on the charge of failure to affix a drug stamp. The sentences were ordered to run concurrently.

*State v. Daniels*, No. 14-1442, 2016 WL 5408279, at *1 (Iowa Ct. App. Sept. 28, 2016). Our court affirmed Daniels's conviction. *Id.* at *5.

In his first PCR appeal, Daniels alleged his PCR counsel was ineffective for failing to argue his trial counsel should not have withdrawn a motion to suppress inculpatory statements he made to Deputy Sidles while in custody, which were captured on video. *Daniels v. State*, No. 17-0755, 2018 WL 3301826, at *1 (Iowa Ct. App. July 5, 2018) (*Daniels II*). Daniels argued that, had his PCR counsel presented evidence related to Daniels's statements, his motion to suppress the statements would have been granted because "Daniels was not adequately informed of his *Miranda* rights, did not understand them, and did not knowingly and intelligently waive them, and consequently, his motion to suppress would have been granted." *Id.* at *2 (footnote omitted); *see Miranda v. Arizona*, 384 U.S. 436, 479 (1966) (holding that a person in police custody "must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an

attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires"). Rejecting Daniels's argument, a panel of our court concluded there was no reasonable probability Daniels could prevail at trial even if his statements were suppressed. *Id.*; *see State v. Harris*, 891 N.W.2d 182, 185–86 (Iowa 2017) ("Prejudice is established if 'there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.'" (quoting *State v. Reynolds*, 746 N.W.2d 837, 845 (Iowa 2008))).

Daniels filed this second PCR application in May 2018. In the PCR application, Daniels argued the district court abused its discretion by allowing his statements to Deputy Sidles to be admitted because the State had not provided the videotape to defense counsel before trial. Daniels further argued his trial counsel was ineffective for failing to move for a mistrial once the district court admitted his statements, and appellate and first PCR counsel were also ineffective for failing to argue trial counsel had been ineffective for that omission. He also argued his due-process rights were violated by admission of the video.

The State moved to dismiss, arguing the claims raised in the second PCR application had been raised in his previous appeals. After an unreported hearing, the district court granted the State's motion, holding Daniels's illegal-sentence claim was without merit and that Daniels's other claims had either already been raised or should have been raised either on direct appeal or in the first PCR application.[1] Daniels appeals.

---

[1] On March, 5, 2019, the day after the unreported hearing, Daniels filed a pro se document entitled "Notice to dismiss Pro se Supplemental Attachment To original

**II.      Standard of Review**

We review the district court's grant of the State's motion to dismiss for correction of errors at law. *Allison v. State*, 914 N.W.2d 866, 870 (Iowa 2018). "However, when an applicant claims ineffective assistance of postconviction counsel, our review is de novo." *Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018).

**III.     Discussion**

The only issue Daniels raises on appeal is his claim prior appellate and first PCR counsel were ineffective in failing to raise a due-process challenge related to the admission of the video recording in which Daniels made incriminating statements. The district court concluded this claim in Daniels's second PCR application had already been finally adjudicated on direct appeal or in his first PCR proceeding.  Alternatively, the district court concluded that, even if this claim had not been previously raised, there was not a sufficient reason for not raising it on direct appeal or in the prior PCR proceeding as addressed in Iowa Code section 822.8 (2019).[2]  That provision states:

---

Application."  In that document, Daniels referenced claims that his sentence was illegal and his statements to the investigating officer were involuntary.  The district court referenced this filing in its ruling, finding the illegal-sentence claim to lack merit and finding the other grounds were either finally adjudicated or were not raised on direct appeal or in Daniels's first PCR proceeding.  None of the issues raised in Daniels's March 5 filing are raised on appeal.

[2] Daniels also raised a number of other claims in his PCR application, including (1) the district court abused her discretion by admitting Daniels's statements; (2) the sentence was illegal and violated the Double Jeopardy Clauses of the United States and Iowa Constitutions; and (3) his statements were involuntary.  The district court concluded Daniels's illegal-sentence claim was without merit and the other additional claims were barred under section 822.8.  Daniels's appellate briefs do not address any of these claims or cite authority supporting them.  As such, we conclude Daniels waived these claims.  *See* Iowa R. App. P. 6.903(2)(g)(3)

> All grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental or amended application. Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

Iowa Code § 822.8. "A post-conviction proceeding is not intended as a vehicle for relitigation, on the same factual basis, of issues previously adjudicated, and the principle of Res judicata bars additional litigation on this point." *Holmes v. State*, 775 N.W.2d. 733, 735 (Iowa Ct. App. 2009) (quoting *State v. Wetzel*, 192 N.W.2d 762, 764 (Iowa 1971)). But a second PCR application may be filed if counsel in the first PCR application "ineffectively fails to raise a ground for reversal." *Allison*, 914 N.W.2d at 890.

The issue raised in this appeal was finally adjudicated on appeal in Daniels's first PCR application. On appeal in the first PCR action, our court clearly ruled Daniels could not prevail on his claim of ineffective assistance of counsel related to admission of the video recording containing Daniels's incriminating statements because Daniels could not meet the prejudice prong of an ineffective-assistance-of-counsel claim. *Daniels II*, 2018 WL 3301826, at *2 ("[E]ven assuming Daniels's inculpatory statements were suppressed, there is no reasonable probability that he could prevail with the extensive evidence of Daniels's guilt properly admitted into the evidence."). Here, Daniels presents an

---

("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

alternative theory for why the video recording should not have been admitted into evidence, namely that admitting the video violated his due-process rights as a result of the State's late disclosure of the video. However, coming up with a new theory of why the video evidence should have been excluded does not help Daniels. His claim is still brought based on a claim of ineffective assistance of counsel, which requires him to prove (1) counsel failed to perform an essential duty, and (2) he was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). As noted, our court has already determined Daniels cannot prevail on a PCR action based on ineffective assistance of counsel related to admission of the video recording because Daniels cannot show prejudice from the video's admission. *Daniels II*, 2018 WL 3301826, at *2. Therefore, his claim of ineffective assistance of counsel in this action based on admission of the video recording fails because that issue has already been resolved on the merits. *See* Iowa Code § 822.8 (precluding raising issues already finally adjudicated). In other words, even if Daniels could establish prior counsel breached counsel's duty by failing to raise a due-process claim related to admission of the video, doing so would not do Daniels any good because it has already been determined that admission of the video did not result in prejudice to Daniels. The district court correctly dismissed Daniels's PCR application for this reason.

**AFFIRMED.**