# IN THE COURT OF APPEALS OF IOWA

No. 18-1589
Filed August 5, 2020

**THANH DAO,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.


        Thanh Dao appeals from the dismissal of his fourth application for postconviction relief. **AFFIRMED.**


        Christopher Kragnes, Sr., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.


        Considered by Doyle, P.J., Schumacher, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**MAHAN, Senior Judge.**

A jury found Thanh Dao guilty of murder in the first degree, and the district court sentenced him to serve life in prison. This court affirmed Dao's conviction on direct appeal. *See State v. Dao*, No. 99–0727, 2001 WL 246444 (Iowa Ct. App. Mar. 14, 2001). Dao subsequently filed three applications for postconviction relief (PCR), which were all denied by the district court. Dao's appeals from the courts' rulings were dismissed (first PCR) or otherwise affirmed (second PCR and third PCR). *See Dao v. State*, No. 10-0844, 2013 WL 100145, at *1, *2–3 (Iowa Ct. App. Jan. 9, 2013); *Dao v. State*, No. 14-0499, 2016 WL 6902316, at *2 (Iowa Ct. App. Nov. 2016).

Dao filed this PCR application, claiming the trial court denied him "the voir dire opportunity in establishing jury analysis and representativeness," in violation of his rights under the federal and state constitutions. Dao acknowledged he had "attempted to raise and litigate this issue" in his first PCR case but argued he had been "without the benefit of current scientific and the Iowa Supreme Court's decision in [*State v.*] *Plain*," 898 N.W.2d 801 (Iowa 2017).[1] Dao further contended his claim was excepted from the three-year statute of limitations set forth in Iowa Code section 822.3 (2018), "under newly evolving Iowa legal authority announced in *Plain*."

---

[1] *Cf. Plain*, 898 N.W.2d at 827 (applying the second prong of the *Duren* test governing fair cross-section challenges) (holding modified by *State v. Lilly*, 930 N.W.2d 293 (Iowa 2019)); *see Duren v. Missouri*, 439 U.S. 357, 364 (1979) (requiring a showing "that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community").

Following a hearing, the PCR court entered an order denying Dao's application. The court concluded Dao's claim was barred by res judicata because it had been litigated previously. The court further found, "Nothing in the *Plain* opinion extends the section 822.3 statute of limitations. *Plain* merely provides an expanded, non-retroactive test for a jury representativeness challenge going forward."

Dao challenges the court's ruling on appeal. He acknowledges his jury-pool claim was raised, litigated, and adjudicated in his first PCR case. His appeal from the court's ruling was dismissed. The court's decision is therefore final and binding on this court in subsequent appeals. *See Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009) ("A post-conviction proceeding is not intended as a vehicle for relitigation, on the same factual basis, of issues previously adjudicated, and the principle of [r]es judicata bars additional litigation on this point." (quoting *State v. Wetzel*, 192 N.W.2d 762, 764 (Iowa 1971))). Further, Dao's conviction was final at the time *Plain* was decided, and our supreme court has concluded *Plain*'s holding does not apply retroactively in this situation.[2] *See Thongvanh v. State*, 938 N.W.2d 2, 12–14, 16 (Iowa 2020) ("*Plain*'s holding on the second prong of the *Duren* test constitutes a new rule under the *Teague* [*v. Lane*, 489 U.S. 288 (1989)] framework. However, because it is not a watershed rule of criminal procedure, it does not apply retroactively to cases on collateral review."); *accord Weatherspoon*

---

[2] In any event, upon our review of the transcript of the jury selection from Dao's trial, we observe that a person of Asian descent (Dao's claim was with regard to an alleged lack of Asian representation on the jury panel) was on the jury panel from which the petit jury was selected, although she was eliminated during voir dire. Dao's claim under *Plain*, even if properly presented, would not hold muster.

*v. State*, No. 19-1179, 2020 WL 2062110, at *1 (Iowa Ct. App. Apr. 29, 2020).

Upon our review, we find no error in the court's ruling. *See Allison v. State*, 914

N.W.2d 866, 870 (Iowa 2018) (setting forth standard of review).

We affirm the summary dismissal of Dao's PCR action.

**AFFIRMED.**