# IN THE COURT OF APPEALS OF IOWA

No. 18-1928
Filed November 30, 2020

**CALVIN NELSON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Scott J. Beattie, Judge.


Calvin Nelson appeals the district court's decision denying his third application for postconviction relief.  **AFFIRMED.**


Karmen Anderson of Anderson & Taylor, P.L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Aaron Rogers, Assistant Attorney General, for appellee State.


Considered by Doyle, P.J., Greer, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**VOGEL, Senior Judge.**

Calvin Nelson appeals the district court's denial of his third application for postconviction relief (PCR), asserting his jury-composition claim was not barred. We agree with the district court that his claim was barred by res judicata, and because *State v. Plain*, 898 N.W.2d 801, 821 (Iowa 2017), does not apply retroactively, Nelson's claims must fail.

In July 2008, a jury found Nelson guilty of first-degree murder under Iowa Code sections 707.1 and 707.2 (2007). Nelson, an African-American man, asserted the jury was racially imbalanced in his motion for new trial. The district court denied his motion. On direct appeal of his criminal conviction, Nelson did not reassert the jury-composition issue; however, we reversed his conviction on an evidentiary question. *State v. Nelson*, No. 08-1384, 2010 WL 199965, at *2–5 (Iowa Ct. App. Jan 22, 2010). On further review, the supreme court vacated our opinion and affirmed Nelson's conviction. *State v. Nelson*, 791 N.W.2d 414, 419–26 (Iowa 2010).

In March 2011, Nelson filed his first PCR application, asserting—among other issues—his counsel was ineffective for failing "to object to the composition of the jury panel which lacked requisite minority representation." After a telephonic hearing, the district court denied the application, finding Nelson failed to present evidence to support this issue and thus failed to show his attorney breached an essential duty or resulting prejudice. On appeal, this court disagreed with Nelson that his PCR counsel was ineffective, concluding the jury-composition issue was raised and litigated at Nelson's motion for new trial. *See Nelson v State*, No. 12-2241, 2014 WL 3928876, at *3 (Iowa Ct. App. Aug. 13, 2014). On March 11, 2015,

Nelson filed his second PCR application but did not raise any issue with regard to the jury composition. The district court granted summary judgment in favor of the State and dismissed the application.

This brings us to Nelson's third PCR application filed on February 26, 2018, in which he again asserted a racially imbalanced jury. To support the timeliness of his claim, he raised our supreme court's decision in *Plain*, 898 N.W.2d at 821–28, which abandoned the exclusive use of absolute disparity to permit multiple analytical models to examine the validity of the composition of a jury pool. The district court denied Nelson's application stating:

> [I]t is clear that Nelson previously litigated at the trial court level the issues he asserts and was unsuccessful. Therefore, the issues are barred by res judicata and should not be relitigated. Even if the issues were not litigated previously, . . . his claim must fail because *Plain* cannot be applied retroactively.

We review ineffective-assistance-of-counsel claims de novo. *Lamasters v. State*, 821 N.W.22d 856, 862 (Iowa 2012). To prevail, Nelson must show his counsel breached an essential duty and prejudice resulted. *See id.* at 866.

On our de novo review of the record, we agree with the district court that Nelson previously raised his jury-composition claim at the trial court level. Therefore, this claim is barred by res judicata. *See Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009) ("A post-conviction proceeding is not intended as a vehicle for relitigation, on the same factual basis, of issues previously adjudicated, and the principle of Res judicata bars additional litigation on this point." (quoting *State v. Wetzel*, 192 N.W.2d 762, 764 (Iowa 1971))).

Furthermore, even if he did not previously raise his jury-composition claim, his claim would still fail. Iowa Code section 822.3 (2018) states that all PCR

actions must "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." To circumvent this statute of limitations, the applicant must raise a "ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3.

The statute of limitations began running when procedendo was issued after the supreme court affirmed Nelson's conviction in 2010. He filed this PCR application in 2018. Nevertheless, he attempts to circumvent the statute of limitations by asserting *Plain* is a new ground of law that could not have been raised within the three-year limitations period and, because he filed this application within three years of the 2017 *Plain* decision, his application is timely. Our supreme court recently considered a similar argument, finding *Plain* "constitutes a new ground of law under section 822.3," but concluding *Plain* does not apply retroactively in a PCR proceeding. *Thongvanh v. State*, 938 N.W.2d 2, 16 (Iowa 2020). Because *Plain* cannot retroactively apply to Nelson's jury-composition claim, he has no viable jury-composition claim in this PCR proceeding. Therefore, we affirm the dismissal of his PCR application.

**AFFIRMED.**