# IN THE COURT OF APPEALS OF IOWA

No. 21-1151
Filed December 21, 2022

**SANTOS ROSALES MARTINEZ,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Buena Vista County, Shayne Mayer,

Judge.

Santos Rosales Martinez appeals the dismissal of his application for

postconviction relief and the denial of his motion for a private investigator.

**AFFIRMED.**

Jennifer Bennett Finn of Pelzer Law Firm, LLC, Estherville, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall (until withdrawal)

and Nicholas E. Siefert, Assistant Attorneys General, for appellee State.

Considered by Bower, C.J., Ahlers, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**VOGEL, Senior Judge.**

In 2002, Santos Rosales Martinez was convicted of sexual abuse in the second degree against A.C. We affirmed his conviction on appeal. *State v. Rosales-Martinez*, No. 02-0399, 2003 WL 21229134 (Iowa Ct. App. May 29, 2003). He filed his first application for postconviction relief (PCR) in 2004. This first application was denied, and we affirmed the denial on appeal. *Rosales-Martinez v. State*, No. 10-2078, 2011 WL 6740152 (Iowa Ct. App. Dec. 21, 2011). He filed his second PCR application in 2012, which was dismissed.

Rosales Martinez filed the current action, his third PCR application, in 2018. He claims actual innocence based on A.C.'s mother recanting her trial testimony. On the State's motion to dismiss, the district court initially dismissed this PCR application as untimely. We reversed and remanded due to ineffective assistance of counsel without reaching the question of whether the application was timely. *Rosales Martinez v. State*, No. 19-0101, 2020 WL 2487953 (Iowa Ct. App. May 13, 2020). On remand, the State filed a motion for a ruling on its earlier motion to dismiss the PCR as untimely, and Rosales Martinez filed a motion to appoint a private investigator at the State's expense. The district court denied the motion for a private investigator and granted the State's motion to dismiss.

Rosales Martinez appeals. We generally review a PCR action de novo. *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). We review a ruling on whether a PCR application is timely for correction of errors at law. *Id.*

Ordinarily, a PCR application "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2018). "However, this limitation

does not apply to a ground of fact or law that could not have been raised within the applicable time period." *Id.* This three-year statute of limitations applies to an applicant claiming actual innocence. *Dewberry v. State*, 941 N.W.2d 1, 5 (Iowa 2019).

Martinez Rosales filed this PCR application in 2018, far beyond three years after procedendo issued on his direct appeal. He nevertheless maintains this PCR application is timely because the mother's recantation, as reflected in her affidavit he filed for this proceeding, is "a ground of fact . . . that could not have been raised within the applicable time period." Iowa Code § 822.3. However, he provided the same affidavit as grounds for a new trial in the criminal proceeding, claiming the affidavit was newly discovered evidence at the time. The district court denied his motion for new trial based on the recantation, and we affirmed on direct appeal. *See Rosales-Martinez*, 2003 WL 21229134, at *4.

We agree with the district court that res judicata prevents Rosales Martinez from claiming the mother's recantation is a ground of fact to overcome the statute of limitations. Res judicata prevents an applicant from raising an issue in a PCR action if the same issue was decided in the criminal proceeding. *See* Iowa Code § 822.8; *State v. Wetzel*, 192 N.W.2d 762, 764 (Iowa 1971) ("Relitigation of previously adjudicated issues [in a PCR proceeding] is barred."). Rosales Martinez claimed the mother's recantation was newly discovered evidence during his criminal proceeding. A claim of newly discovered evidence is not identical to a claim of a new ground of fact under section 822.3. *See Moon v. State*, 911 N.W.2d 137, 143 (Iowa 2018). However, in rejecting Rosales Martinez's prior newly-discovered-evidence claim in his first PCR application, we found he "could have

discovered [the recantation] with due diligence." *Rosales-Martinez*, 2003 WL 21229134, at *4. This finding precludes him from now arguing the recantation "could not have been raised within" the three-year statute of limitations for PCR. Iowa Code §§ 822.3, .8.

The mother's recantation is the only fact Rosales Martinez claims to overcome the statute of limitations. Because res judicata bars him from raising the recantation again, his PCR application is not timely. He also cannot show "a reasonable need" for a private investigator in this time-barred proceeding. *See Linn v. State*, 929 N.W.2d 717, 749 (Iowa 2019). We affirm the dismissal of his PCR application and the denial of his motion for a private investigator.

**AFFIRMED.**