# IN THE COURT OF APPEALS OF IOWA

No. 22-1840
Filed October 11, 2023

**RODNEY LEWIS COCKHREN,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

Rodney Cockhren appeals the denial of his application for postconviction relief. **AFFIRMED.**

Daniel M. Northfield, Urbandale, for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.

Considered by Tabor, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Rodney Cockhren appeals the denial of his application for postconviction relief (PCR). He alleges his trial counsel provided ineffective assistance and claims actual innocence. Because his trial counsel was not ineffective and a reasonable fact finder could convict him, we affirm the denial of his application.

## I.     *Background Facts and Proceedings.*

In March 2018, Cockhren visited his ex-girlfriend at her residence. Cockhren had previously lived at the apartment, but he had moved out one month earlier. The ex-girlfriend reported to law enforcement that Cockhren broke in and strangled her. Cockhren was ultimately arrested and charged with second-degree burglary, two counts of domestic abuse assault, and third-degree criminal mischief. Following plea negotiations, Cockhren entered an *Alford* plea to second-degree burglary and pled guilty to the remaining counts.

Cockhren directly appealed his convictions. In his appeal, he claimed additional minutes of testimony filed post-appeal should be part of the record and that there was no factual basis to support the *Alford* plea. We affirmed, finding the additional minutes were not part of the record and that there was a sufficient factual basis for the conviction. *State v. Cockhren*, No. 18-1191, 2019 WL 1953750, at *2 (Iowa Ct. App. May 1, 2019). Cockhren applied for further review, but his application was denied.

Cockhren applied for postconviction relief, challenging his convictions for constitutional rights violations. Based on the findings from the direct appeal, the court dismissed his original application for issue preclusion. As a result, Cockhren

amended his application, alleging ineffective assistance of counsel and actual innocence. The postconviction court denied both claims.

## II. Standard of Review.

Generally, we review dismissals of PCR applications for errors at law. *Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018). However, because ineffective-assistance-of-counsel claims raise constitutional issues, we review the denial of such PCR applications de novo. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).

## III. Discussion.

Cockhren raises two arguments in his PCR application. First, he contends his trial counsel provided ineffective assistance both by allowing him to plead guilty and failing to file post-judgment motions. Second, he claims actual innocence.

### A. Ineffective Assistance of Counsel Claim.

"To prevail on an ineffective assistance of counsel claim, the claimant must satisfy the two-prong test by proving that his trial counsel failed to perform an essential duty and prejudice resulted." *State v. Majors*, 940 N.W.2d 372, 391 (Iowa 2020) (citation omitted) (applying the two-prong test for ineffective assistance of counsel claims set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). With regard to the first prong, we presume counsel performed competently unless proven otherwise by a preponderance of the evidence. *Id.* Our test is measured objectively against the prevailing professional norms. *Id.* To establish the prejudice required of the second prong, "the claimant must prove by a reasonable probability that, but for counsel's failure to perform an essential duty, the result of the proceeding would have been different." *Id.* (citation omitted). This second

prong requires a showing that "the probability of a different result is 'sufficient to undermine [our] confidence in the outcome' of the trial." *Id.* (alteration in original) (citation omitted). "A defendant's inability to prove either element is fatal." *Id.* (citation omitted).

Cockhren asserts three claims of ineffective assistance. He alleges that his trial counsel was ineffective by: (1) allowing him to plead guilty without a factual basis; (2) allowing him to enter a plea that was not knowing and voluntary; and (3) failing to file a motion in arrest of judgment. We address each claim in turn.

First, Cockhren argues his trial counsel should not have allowed him to plead guilty because there was no factual basis for second-degree burglary. Specifically, he claims the required elements of burglary were not established because he was listed on the ex-girlfriend's lease as an "other person(s)" allowed to use the property. Because he was listed on the lease, Cockhren contends he had the right to be present at the premises and therefore could not be convicted of burglary. A burglary occurs when "[a]ny person, having the intent to commit a felony, assault or theft therein, who, having *no right, license or privilege to do so*, enters an occupied structure." Iowa Code § 713.1 (2018) (emphasis added).

Refuting this claim, the State argues we cannot consider it because it is barred by the doctrine of res judicata. "Under Iowa law, 'res judicata embraces two concepts: claim preclusion and issue preclusion.'" *Dorsey v. State*, 975 N.W.2d 356, 361 (Iowa 2022) (quoting *Braunschweig v. Fahrenkrog*, 773 N.W.2d 888, 893 (Iowa 2009)). Claim preclusion bars a second action of an already-adjudicated claim while issue preclusion prevents relitigation of already-adjudicated issues. *Id.* "Issues that have been raised, litigated, and adjudicated

5

on direct appeal cannot be relitigated in a postconviction proceeding." *Wycoff v. State*, 382 N.W.2d 462, 465 (Iowa 1986); *see also State v. Wetzel*, 192 N.W.2d 762, 764 (Iowa 1971) ("Relitigation of previously adjudicated issues is barred."). We will not consider "direct attacks" on our rulings from direct appeal. *See Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009). Because we have previously determined a factual basis existed for Cockhren's second-degree-burglary conviction, we decline to relitigate the issue. *See Cockhren*, 2019 WL 1953750, at *2 ("[W]e find Cockhren's counsel was not ineffective because the factual basis to support his *Alford* plea included that Cockhren had 'no right, license or privilege' to enter the ex-girlfriend's residence.").

Cockhren next contends his trial counsel should not have let him enter a guilty plea that was not knowing and voluntary. "A defendant waives a variety of constitutional rights by pleading guilty to a criminal offense, and it is fundamental that a plea of guilty is valid only if it is given voluntarily, knowingly, and intelligently." *State v. Meron*, 675 N.W.2d 537, 542 (Iowa 2004). The court is required to engage in a plea colloquy with the defendant pleading guilty to protect their constitutional rights. *See id.* (citing Iowa R. Crim. P. 2.8(2)(b)). Upon our review of the record, the district court properly conducted the required inquiry. While Cockhren claims he was "pressured" into pleading guilty, which rendered his plea involuntary, he provides no further explanation or support for that contention. He does not describe how his trial counsel specifically breached a duty or exerted pressures. *See Strickland*, 466 U.S. at 687–88. He also provides no evidence of any resulting prejudice as required under the standard. *See id.* at 693. Because the trial court satisfied the requirements, we conclude Cockhren's plea was voluntary. *See* Iowa

R. Crim. P. 2.8(2)(b) (2018). We therefore find Cockhren failed to show his trial counsel was ineffective on this basis.

Finally, Cockhren argues his trial counsel should have filed a motion in arrest of judgment. Specifically, he contends this failure prevented him from challenging the judgment before sentencing. Cockhren does not explain how failure to file this post-judgment motion breached a duty. *See Strickland*, 466 U.S. at 690. He similarly neglects to adequately prove prejudice resulted. *See id.* at 694. Therefore, Cockhren failed to show his trial counsel was ineffective for failing to move in arrest of judgment.

*B. Actual Innocence Claim.*

Cockhren's second argument is an actual-innocence claim. A defendant can argue actual innocence even after pleading guilty. *Schmidt*, 909 N.W.2d at 795. We recognize this right to plead actual innocence because " conviction of an innocent person violates the Iowa Constitution." *Id.* at 798 (finding Iowa Code § 822.2 provides an avenue for freestanding actual-innocence claims); *see also* Iowa Const. art. I, §§ 9, 17. In Cockhren's PCR application, he "must meet the demanding actual-innocence standard to prove the validity of [his] actual-innocence claims." *Dewberry v. State*, 941 N.W.2d 1, 5 (Iowa 2019) (quoting *Schmidt*, 909 N.W.2d at 793). By a clear and convincing evidence standard, he must show no reasonable fact finder could convict him. *Id.* But Cockhren's claim hinges upon him having a "right, license or privilege" to be present in his ex-girlfriend's apartment. *See* Iowa Code § 713.1. We have already determined that he had no possessory or occupancy interest at the time he entered the premises. *Cockhren*, 2019 WL 1953750, at *2; *see also State v. Hagedorn*, 679 N.W.2d 666,

670 (Iowa 2004). Therefore, Cockhren has not established a reasonable fact finder could not convict him, and we similarly reject his actual-innocence claim.

## IV.  Disposition.

Because Cockhren has not shown his trial counsel provided ineffective assistance or his actual innocence, we conclude the district court properly dismissed his PCR application, and we affirm.

**AFFIRMED.**