# IN THE COURT OF APPEALS OF IOWA

No. 23-1040
Filed May 22, 2024

**BOBBY JOE MORRIS,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

　　　Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

　　　An applicant appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

　　　Raya Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

　　　Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

　　　Considered by Greer, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

Bobby Morris appeals the district court's dismissal of his fourth application for postconviction relief (PCR). Morris asserts he received an illegal sentence and alleges actual innocence based on newly-discovered evidence. The district court granted summary disposition for the State, finding Morris's application was barred by the three-year statute of limitations.

## I. Background Facts and Prior Proceedings

In 1998, Morris was convicted of first-degree murder and received a life sentence. This court affirmed his conviction and laid out the facts on appeal:

> From the evidence presented at trial, the jury could find the following facts. On December 31, 1997, victim Kelsey Bitting and her two-year-old daughter, Taylor, moved into the Des Moines apartment of Kelsey's mother, Claudia O'Conner. This move was necessitated because Ms. Bitting's husband, Bobby Joe Morris, had beaten her up.
>
> The murder took place late in the evening of January 2, 1998. That night, Bitting, Taylor, and a friend of Ms. O'Conner's, Mike Caster, were with Ms. O'Conner at her apartment. Sometime late that evening, Morris came to the apartment and knocked on the door, asking to come in. No one allowed Morris to enter the apartment. A "conversation" ensued between Bitting and Morris through the door, which consisted of Morris cussing and screaming at Bitting. The argument apparently centered on Morris's belief she had told police about his drug trafficking, which had resulted in a search of his apartment earlier the same day. During this argument, Morris told Bitting "she going (sic) to be sorry, that he couldn't help her now. There was going to be a drive-by, and she had better get out of the house." Morris then left the apartment building. After watching Morris go out the front of the building, Bitting and Morris argued through an open window. O'Conner asked them to stop, because she was fearful she would be evicted.
>
> Because of trouble with Morris before, Bitting had been instructed to call the police if there were any further problems. Unfortunately, Bitting's mother did not have a phone in her apartment. It was then decided everybody would leave in Caster's 1973 Chevy Blazer, call the police, and take Bitting to another friend's house. Caster and Bitting went down one set of stairs, and O'Conner and Taylor went down another set. Once Caster and

Bitting arrived at the Blazer, Morris and an unknown female approached them. Bitting said to Caster "Oh, my God, there's Bobby." Morris told the female "that's her." As Caster was fumbling with the keys, Morris said "See, Kelsey, I told you what would happen." Morris's female companion, whom Caster later identified in a police photo lineup as Courtney Burnett Nelson, raised a gun and started firing, at which time Caster went down to the floorboard. Bitting also tried to get on the floorboard, but the console and gearshift of the Blazer impeded her path. Bitting then screamed her last words: "Bobby, no. No, Bobby. No, please." Caster heard Morris's voice coming from the driver's side of the Blazer, then heard two shots fired. After Caster heard a vehicle leaving the scene, he ran and got help. The victim's mother also saw Morris on the driver's side of the truck, heard a "pop," and saw the flash of the gun.

*State v. Morris*, No. 98-1640, 2000 WL 381641, at *1 (Iowa Ct. App. Apr. 12, 2000).

Since his conviction, Morris has filed four applications for PCR, the instant appeal being his fourth. In his fourth application, Morris asserts that he received an illegal sentence and alleges actual innocence. The State moved for summary disposition, asserting Morris's PCR application was barred by the three-year statute of limitations. The court granted that motion and dismissed Morris's application for relief. Morris appeals.

## II. Standard of Review

"Our review in [PCR] proceedings is for correction of errors at law." *Manning v. State*, 654 N.W.2d 555, 558–59 (Iowa 2002).

## III. Analysis

Morris asserts that the district court wrongly dismissed his application for PCR. He argues the statute of limitations does not apply to his illegal sentence claim and because a ground of fact exists that could not be raised before, it is not applicable to his claim of actual innocence. As part of his argument, he asserts

the district court should have granted him additional time to conduct discovery and establish proof of the new ground of fact.

The district court granted the State's motion for summary disposition. "[T]he principles underlying summary judgment procedure apply to motions of either party for disposition of an application for [PCR] without a trial on the merits." *Id.* at 560. Summary disposition "is only proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* And "[t]he moving party has the burden of showing the nonexistence of a material fact and the court is to consider all materials available to it in the light most favorable to the party opposing [the motion]." *Id.* There is a genuine issue of material fact when reasonable minds could reach different conclusions from the undisputed facts. *Id.*

A. Illegal Sentence

Morris claims his sentence constitutes cruel and unusual punishment under the Eighth Amendment and violates the due process provisions of the Iowa and United States Constitutions.

Challenges to an illegal sentence are allowed to be raised at any time. *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001). But Morris has already raised this challenge in a previous PCR. *Morris v. State*, No. 18-1021, 2019 WL 3714820, at *1, *3 (Iowa Ct. App. Aug. 7, 2019). Because the "[r]elitigation of previously adjudicated issues is barred" under Iowa Code section 822.8 (2023), Morris's challenge is also barred. *See State v. Wetzel*, 192 N.W.2d 762, 764 (Iowa 1971); Iowa Code § 822.8.

B. Claim of Actual Innocence Based on Newly-Discovered Evidence

Morris's application also claims that newly-discovered evidence contained in a police file "will show that he is actually innocent of the crime." And that "[t]he evidence will show . . . witness Mike Caster was not telling the truth and destroyed material evidence that proves the Applicant's innocence."

Under Iowa Code section 822.3, an application for PCR "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3. This three-year statute of limitations is avoidable in some cases. "[T]o avoid the three-year statute of limitations contained in section 822.3, an applicant must show he or she could not have raised the ground of fact within the applicable time period." *Schmidt v. State*, 909 N.W.2d 778, 798 (Iowa 2018). But the ground of fact raised must be relevant to the conviction. *Id.* "[A] ground of fact is 'relevant' if it is the type of fact 'that has the potential to qualify as material evidence for purposes of a substantive claim under section 822.2.'" *Id.* at 798–99 (quoting *Harrington v. State*, 659 N.W.2d 509, 521 (Iowa 2003)). This framework is relevant to Morris's actual innocence claim. "The new-ground-of-fact analysis is a component of a claim of actual innocence based upon alleged newly discovered evidence found after the three-year limitations period, and the ground-of-fact exception only overcomes the statute of limitations if it could not have been raised within the limitations period." *Quinn v. State*, 954 N.W.2d 75, 77 (Iowa Ct. App. 2020).

There is no question the three-year statute of limitations has expired. The district court dismissed this claim after finding "Morris has conducted no discovery as to what he claims is evidence demonstrating that a witness . . . destroyed

material evidence." Morris fails to show newly-discovered evidence and asks for additional time for discovery. The district court denied additional time for discovery, and "[t]he decision to deny or grant a continuance of a motion for summary judgment to pursue discovery lies within the discretion of the trial court." *Iowa Farm Bureau Fed'n v. Env't Prot. Comm'n*, 850 N.W.2d 403, 409 (Iowa 2014). "We review a decision to deny discovery by the district court for abuse of discretion." *Id.* It has been over twenty years since Morris was convicted. He has been through a trial, appeal, PCR, a second PCR, a third PCR, and now his fourth PCR. He has had two decades to conduct discovery. We determine there is no abuse of discretion by the district court in denying additional time for discovery.

And Morris's assertion that he might find something in a police file is not sufficient to constitute a new ground of fact. This is because "an applicant must show he or she could not have raised the ground of fact within the applicable time period," *Schmidt*, 909 N.W.2d at 798, and because "the applicant must also show a nexus between the asserted ground of fact and the challenged conviction." *Harrington*, 659 N.W.2d at 520. Morris's broad claims of evidence tucked away in a police file do not provide any footing for relief here as he has not explained why he could not have raised this before nor how it is relevant. *See Schmidt*, 909 N.W.2d at 798; *Harrington*, 659 N.W.2d at 520.

In Morris's third PCR action, Morris asserted "prosecutorial misconduct for failing to provide exculpatory evidence related to statements made by [Mike] Caster."[1] *Morris*, 2019 WL 3714820, at *1 n.1. In this appeal, Morris asserts "Mike

---

[1] Morris's previous PCR action incorrectly referred to Mike Caster as "James Caster."

Caster . . . was not telling the truth and that evidence of Caster's false statements will prove Appellant's innocence." Morris's broad assertions do not explain how the statements in this PCR action are different from the statements in his last PCR action, nor do they explain why they could not have been raised before. "[T]o avoid the three-year statute of limitations contained in section 822.3, an applicant must show he or she could not have raised the ground of fact within the applicable time period." *Schmidt*, 909 N.W.2d at 798. Morris has failed to do that.

## IV. Conclusion

Morris's assertion of an illegal sentence was litigated in his previous PCR action and his claim of actual innocence does not avoid the three-year statute of limitations in Iowa Code section 822.3. Accordingly, we affirm.

**AFFIRMED.**